WILLIAM S. DEXTER & others, trustees, *vs.* PRESIDENT AND FELLOWS OF HARVARD COLLEGE & others.

WINSLOW WARREN, administrator, *vs.* SAME.

Suffolk.     March 20, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Valid Gift to Public Charity — Residuary Clause — Void or Lapsed Legacies — Adoption by Testator of Provisions of Will of another Testator.*

A gift by will to Harvard College which is to be held as a permanent fund, and the income of which, less five per cent to be accumulated, is to be expended for such general purposes of the corporation as the president and fellows shall deem most useful, unless it is all expended in a certain department of the charitable work which the testator designates, and for which he directs a preference, by the officers of the college in the administration of the proceeds of the fund, is a valid gift to a public charity; and there is no ground for the contentions that in making the gift the testator was precluded by law from directing that it should be devoted primarily to the establishment of scholarships, and that in providing for its administration he was precluded from directing that preference should be

given to his kin or to any other class of persons that he favored; and even if this provision for preference of kin were held to be void, the bequest for general uses of the college would still be valid as a residuary provision, which applies to void legacies as well as to legacies which lapse for any other cause. If the requirement that five per cent of the annual income shall be reserved for accumulation be treated as void, or if the operation of it be limited to a term of years, the gift will remain without change except as affected by omitting to reserve a part for accumulation.

A gift by will of the residue of an estate to Harvard College for general use in the medical department, subject to special reasonable directions of the testator for the better endowment of certain professorships, is a valid gift to a public charity.

By A.'s reference in his will to a legacy given by B. in his will, without reciting at length the provisions of the will in regard to it, A. adopts for his property the disposition which B. makes of the legacy; and the questions raised under the will of A. are answered by the decision of the court in regard to the will of B.

THE FIRST CASE was a bill in equity by the trustees under the will of Calvin Ellis to obtain the instructions of the court as to the construction thereof. The will provided that the trustees should pay the net income of certain property to the sister of the testator Lucy Ellis, during her life, and upon her death without issue living at her decease should pay to the president and fellows of Harvard College $50,000 for certain purposes set forth in the opinion, and should convey the residue to the said president and fellows for certain other purposes set forth in the opinion. The testator's will was proved in 1884. Lucy Ellis died on June 22, 1899, without issue living at the time of her decease and never having been married. She left a will which was proved on August 17, 1899.

THE SECOND CASE was a bill in equity by the administrator with the will annexed of the will of Lucy Ellis, to obtain the instructions of the court as to the construction thereof. The cases were heard together upon the bill and answer in each case, and, at the request of the parties, were reserved by *Knowlton*, J. for the consideration of the full court. The facts appear in the opinion.

*J. C. Gray*, for Harvard College.

*H. W. Putnam*, (*J. F. Burke* with him,) for certain next of kin and heirs at law.

KNOWLTON, J.   The first question in these cases arises under a provision in the will of Calvin Ellis, which is as follows: " My trustees shall pay to the president and fellows of Harvard College fifty thousand dollars, or if the said property do not

amount to fifty thousand dollars in value, they shall pay over the whole thereof to the said president and fellows, to hold the same as a permanent fund and apply the net income thereof, and of all substituted property, after first deducting and accumulating in every year five per centum of such net income as an increase of the fund, as follows: To pay the fees of tuition and instruction, the cost of text books, room rent, and reasonable board, of such descendants of David Ellis and Buelah Newell formerly of Dedham, and John Ellis and Hannah Ellis, formerly of Walpole, as may be students in Harvard college, whether as graduates or under-graduates. Every one of such descendants shall be entitled thereto upon application therefor, provided his or her morals and scholarship are such as to allow him or her to remain a member of the college. But the period during which any student shall enjoy the benefit of this provision shall not exceed the time usually allotted to students in the several departments with which such student may be connected, unless the president and fellows, by an express vote, extend the same. And if the whole or any part of such income, after accumulating five per centum thereof as aforesaid in any year, remains unexpended from the failure of persons entitled as above declared to receive the same upon application, then the same shall be expended upon the close of such year, for such general purposes of the college as the president and fellows shall deem most useful." Considering this in its different parts to ascertain its meaning, we find that it is a gift to a public charitable corporation, which is to be held as a permanent fund, and the income of which, less five per cent to be accumulated, is to be expended for such general purposes of the corporation as the president and fellows shall deem most useful, unless it is all expended in a certain department of the charitable work which the testator designates, and for which. he directs a preference by the officers of the college in the administration of the proceeds of the fund. That a gift for the promotion of education in Harvard College is a public charity is a proposition too plain to need discussion. In St. 43 Eliz. c. 4, § 1, "Schools of learning, free schools, and scholars in universities" are mentioned as charitable objects. Such a public charity need have no special reference to the poor. In *American Academy* v.

*Harvard College*, 12 Gray, 582, 594, Chief Justice Shaw says: "That a gift designed to promote the public good, by the encouragement of learning, science and the useful arts, without any particular reference to the poor, is regarded as a charity, is settled by a series of judicial decisions, and regarded as the settled practice of a court of equity. Such is a bequest for the improvement of a city, . . . to establish new scholarships in a college, . . . to found and endow a college." In *Perin* v. *Carey*, 24 How. 465, 506, is this language : " A charity is a gift to a general public use, which extends to the rich, as well as to the poor. *Jones* v. *Williams*, Ambl. 651. Generally, devises and bequests having for their object establishments of learning are considered as given to charitable uses, under the statute of Elizabeth. *Attorney General* v. *Earl of Lonsdale*, 1 Sim. 105." From very early times the founding of scholarships in universities has been favored by the law, and such scholarships are none the less public charities that they are open to the rich as well as the poor. Payment of the " fees of tuition and instruction, the cost of text books, room rent, and reasonable board " of students in universities, is a strictly educational object, and is an ordinary purpose of the founders of scholarships. There is no ground for the contention that in making this charitable gift the testator was precluded by law from directing that it should be devoted primarily to the establishment of scholarships.

Nor have we been referred to any case which holds that in providing for the administration of such a charity the founder is precluded from directing that preference shall be given to his kin, or to any other class of persons that he favors. The only persons to be preferred under this provision are the lineal descendants of the testator's grandparents. The testator contemplated a probability that in some of the years, and perhaps most of them, there will be a failure of persons who are entitled to be preferred in the expenditure of the income. At all such times there is no limitation upon the discretion of the officers of the college in using the money as they think best.

The right of a founder to give such directions in regard to the management of a charity is generally recognized, and, so far as we know, is not denied by any court. A direction requiring

such a preference is assumed to be a lawful exercise of his rights and powers. *Flood's case*, Hobart, 136. *Spencer* v. *All Souls College*, Wilmot, 163. *Attorney General* v. *Sidney Sussex College*, 34 Beav. 654; L. R. 4 Ch. 722. *Franklin* v. *Armfield*, 2 Sneed, 305. *Perin* v. *Carey*, 24 How. 465. *Kent* v. *Dunham*, 142 Mass. 216. *Darcy* v. *Kelley*, 153 Mass. 433. *Attorney General* v. *Duke of Northumberland*, 7 Ch. D. 745. *Ingraham* v. *Ingraham*, 169 Ill. 432, 464, 467. *Webster* v. *Morris*, 66 Wis. 366, 392.

If the provision for the preference of kin of the testator in the administration of this charity were held to be void, the bequest for general uses of the college would still be valid, and would carry the whole of the income under the last sentence above quoted. If there is a failure of persons entitled because under a gift of this kind no such persons legally can be entitled, the amount which otherwise would be expended for their benefit is by the express terms of the will to be used for general purposes of the college. In other words, this is a plain residuary provision which applies to void legacies as well as to legacies which lapse for any other cause. *Thayer* v. *Wellington*, 9 Allen, 283. *Batchelder, petitioner*, 147 Mass. 465. *Teele* v. *Bishop of Derry*, 168 Mass. 341. *New* v. *Bonaker*, L. R. 4 Eq. 655. *In re Rymer*, [1895] 1 Ch. 19. *Chapman* v. *Brown*, 6 Ves. 404, and some early English cases which follow it are cited in support of the proposition that if the provision preferring the kin of the testator is void, the provision for the general purposes of the college must fall with it, notwithstanding that it purports to dispose of a residue. The doctrine of these cases, as applied to a case like the present, has never been adopted in Massachusetts, and it has been greatly limited if not completely overruled by later decisions in England. *Fisk* v. *Attorney General*, L. R. 4 Eq. 521. *Hunter* v. *Bullock*, L. R. 14 Eq. 45. *Dawson* v. *Small*, L. R. 18 Eq. 114. *In re Williams*, 5 Ch. D. 735. *In re Birkett*, 9 Ch. D. 576. *Champney* v. *Davy*, 11 Ch. D. 949. *In re Vaughan*, 33 Ch. D. 187. We are of opinion that on this ground, apart from other considerations, the next of kin and heirs at law of the testator fail to sustain their claim.

The requirement that five per cent of the annual income shall be reserved for accumulation cannot avail the heirs and next of

kin in this proceeding. If it be treated as void, or if the operation of it be limited to a term of years, the gift will remain without change except as affected by omitting to reserve a part for accumulation. The effect of the requirement is to take money from one part of the property held for charity and put it with another part of the property held for the same charity. If this change is forbidden, the whole property will still be held and used for the charity. *Odell* v. *Odell*, 10 Allen, 1. *St. Paul's Church* v. *Attorney General*, 164 Mass. 188.

It is contended by the heirs at law and next of kin that the residuary clause of the will is invalid. This is as follows : " All the residue and remainder of the said trust property, my trustees in the event aforesaid shall convey in fee simple, transfer and pay over to the said president and fellows, to hold the same as a permanent fund, and apply the net rents and income thereof, and of all substituted property ; in every year, after first deducting and accumulating in every year five per centum of such net income as an increase of the fund towards paying the salary of a professor of pathological anatomy. Provided, however, that if such professor would receive in any one year, if the whole of the said net income remaining after such deduction of five per centum were paid to him, a salary of more than five thousand dollars for such year arising from gifts, legacies and other permanent endowments, including the income of this legacy, then, and in every such year, the amount paid him from the income of this legacy shall be reduced, so that the total income from such sources shall be five thousand dollars and no more. And if the income from gifts, legacies and other permanent endowments, exclusive of the income of this legacy shall amount in any year to five thousand dollars, then, and in every such year, the income from this legacy shall be withheld altogether from such professor. The amount so withheld whether it be the whole or a part of the net income, after deducting five per centum, shall be applied to the salary of the professor of physiology, with the same provisions and limitations as those herein declared touching the salary of the professor of pathological anatomy; and any amount in every such year still remaining unapplied, shall next be applied to the salary of the professor of anatomy, with the same provisions and limitations as are

herein declared touching the salary of the two professors first named. And if the whole or any part of such income still remains unexpended in any year, the same shall be expended in such year for such other purposes in the medical department of the said college as the said president and fellows shall deem most useful." The general view which we have taken of the preceding clause is equally applicable to this. The residuum is given to the college for general use in the medical department, subject to special directions of the testator for the better endowment of certain professorships. There is no legal objection to these directions. They are merely reasonable provisions affecting the administration of the trust. It follows that the fund in question held under each of these clauses is to be paid to the president and fellows of Harvard College.

The questions raised under the will of Lucy Ellis have all been answered by what we have said in regard to the will of her brother Calvin Ellis. By her reference to her brother's legacy of $50,000, without reciting at length the provisions of his will in regard to it, she adopts as hers for her property the disposition which he makes of that sum. The funds held by her administrator with the will annexed must also be paid to the president and fellows of Harvard College.*

*Ordered accordingly.*

---

* The will contained two provisions in point, the first, a bequest to the president and fellows of Harvard College, to be held on the same terms as the residue of her brother's estate, and the second, a bequest of the residue of her estate, " to be added to and disposed of as part of and in the same manner as the permanent fund and bequest of fifty thousand dollars made and given by my brother Calvin Ellis, by his last will."