S. E. THOMASON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111793. Promulgated July 20, 1943.

*Willis D. Nance, Esq.*, for the petitioner.
*L. M. Ponder, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* The respondent argues that petitioner is not entitled to deduct as charitable contributions these amounts paid out on behalf of a particular ward of a public charity, as such contributions were for the benefit of a single individual and, hence, constituted private charitable contributions.

The petitioner argues that these expenditures were made "for the use of" a public charity and as such are deductible under section 23 (o) of the Internal Revenue Code.[1]

We think the respondent correctly denied the deductions. The contributions here in question were paid directly to Sunset Ranch for the tuition and maintenance of a particular child. They were earmarked from the beginning not for a group or class of individuals, not to be used in any manner seen fit by the society, but for the use of a single individual in whom petitioner felt a keen fatherly and personal interest.

Charity begins where certainty in beneficiaries ends, for it is the uncertainty of the objects and not the mode of relieving them which forms the essential element of charity. *Russell* v. *Allen,* 107 U. S. 163. The Supreme Court, in speaking of charitable trusts, said in that case:

* * * They may, and indeed must, be for the benefit of an indefinite number of persons; for if all the beneficiaries are personally designated, the trust

---

[1] In computing net income there shall be allowed as deductions :

  *    *    *    *    *    *    *

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of :

  *    *    *    *    *    *    *

(2) A corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation.

lacks the essential element of indefiniteness, which is one characteristic of a legal charity. * * *

Whenever the beneficiary is designated by name and his merit alone is to be considered, the bequest is private and not public and ceases to have the peculiar merit of a charity. *Bullard* v. *Chandler*, 21 N. E. 951; I. T. 3549, C. B. 1942-1, p. 79. In the case of *Cap Andrew Tilles*, 38 B. T. A. 545, we disallowed as a charitable deduction a sum paid to a fund established for the purpose of giving a musical education to a talented girl. In that case we said:

* * * We do not think that it was the intention of Congress by the use of the language contained in the Revenue Act of 1921, and succeeding revenue acts, to allow the deduction from gross income of a charitable gift which was for the benefit of only one person. * * *

Petitioner seems to place his stress on the fact that the child was a ward of an admitted charitable society and that the sums paid should be regarded as "for the use of" such an organization. The Commissioner at an early date construed the phrase "for the use of" as expressive of the "right of exclusive appropriation or enjoyment of the thing donated," rather than of the purpose or mode of use, and as intended to convey a meaning similar to "in trust for." I. T. 1867, C. B. II-2, p. 155. With this we are in substantial agreement. The phrase certainly implies that the contribution need not be made directly to the charitable institution, but it does not touch upon the essential requirement of indefiniteness of bounty. Doubtless, if an exempt organization incurs liabilities in the general performance of its functions and requests its donors to pay their contributions to its creditors, the payments would be "for the use of" the charity; but that is not this case. Petitioner's donations, intended for the benefit of one individual, secured special privileges and advantages for him which the society otherwise would not have furnished, for it is stipulated that without petitioner's undertaking the child could not have attended Sunset Ranch. True, the payments incidentally relieved the society of furnishing him its ordinary services, but it does not follow that the payments were for the use of the society. It could as well be said that the expense of caring for a legally adopted child is a charitable contribution because it relieves the society of its obligation to support a former ward.

We conclude that the sums paid by petitioner during the taxable years for the schooling and maintenance of this child at Sunset Ranch were not paid either to or for the use of the society. That the sums paid relieved the society from some financial burden is not enough. The sums were paid by petitioner for the benefit of a designated individual and for no other individuals or for no other purpose of the society. These contributions may not be regarded as gifts to or

for the society. They were gifts to and for the benefit of this particular child and no one else. Respondent's action in denying the sought deductions is sustained.

*Decision will be entered for respondent.*