**COMMONWEALTH TRUST CO. OF PITTS-BURGH v. GRANGER, Collector of Internal Revenue.**

No. 3118.

District Court, W. D. Pennsylvania.

Dec. 14, 1944.

Alter, Wright & Barron and Gifford K. Wright, all of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Lewis C. Cassidy, Sp. Assts. to the Atty. Gen., for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following findings of fact and conclusions of law:

Findings of Fact

The court finds the facts to be as set forth in the stipulation filed by the above-named parties on October 26, 1944.

Conclusions of Law

I. The plaintiff is entitled to judgment.

II. The deficiency assessment in respect to the trusts created in favor of the Carnegie Institute of Technology and Georgetown University was erroneous.

III. The will of Charles Gulentz did not limit benefits to his relatives of the name of "Gulentz" but expressed a preference for such persons. Therefore the claim of the executor of the estate of said Charles Gulentz properly asserted that the bequests to Carnegie Institute of Technol-

ogy and Georgetown University are charitable bequests under Section 812(d) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 812(d).

## Discussion

The instant action is brought by the executor of the estate of Charles Gulentz, deceased, to recover a deficiency estate tax. The legal interpretation of the basic facts is in dispute, but not the facts themselves.

Charles Gulentz died on July 26, 1941, without descendants. By his will be bequeathed $100,000 to the Carnegie Institute of Technology for the purpose of establishing tuition scholarships. The residuary legatee was Georgetown University of Washington, D. C. The Georgetown bequest was for scholarships covering tuition, board and lodging.

The Carnegie scholarships were of two classes. The first contemplated three scholarships, two for males and one for females of the name of "Gulentz" who were in any way related to the testator's family, wheresoever they may reside, but limited to high school graduates, in sound physical condition, and also in need of help. The second class was for the benefit of any male or female Roman Catholic of good moral character, residents of Pittsburgh, physically sound, high school graduates and in need of help. Competitive examinations were provided for each class if there were more applicants than scholarships. Also, if no applicants appeared for the first class ("Gulentz") the scholarships were available to the second class, and if none applied for the second class the scholarships could be awarded to non-Catholics.

The Georgetown University scholarships were also divided into two classes. The first class was for any phsyically sound Roman Catholic male high school students of good moral character of the name of "Gulentz" in any way related to testator, wherever they may reside. The second class was for the benefit of physically sound Roman Catholic high school graduates of good moral character. Should there be more applicants than scholarships, competitive examinations were to be held for award of the scholarships; and if in any year no applicants appeared for the first class, the scholarships were available to qualified persons in the second class; and in event of no applications from the second class the scholarships were awardable to non-Catholic students.

Section 812 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 812, is in part as follows:

"Sec. 812.  Net estate

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate * * *

"(d) Transfers for public, charitable, and religious uses. The amount of all bequests, legacies, devises, or transfers, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual, * * *."

It is admitted that Carnegie Institute of Technology and Georgetown University are corporations which come within the class contemplated by section 812(d) of the Revenue Code. The executor of Mr. Gulentz paid the bequest of $100,000 to Carnegie Institute and the residuary bequest, $135,715.42, to Georgetown University, and filed an estate tax return and paid a tax of $714.37, on the theory that the trusts created by the will were such as contemplated by section 812(d). The Commissioner of Internal Revenue, after calculating the amount required to provide the Carnegie scholarships at a capitalization of 4% as $22,500, and the amount required for the Georgetown University scholarships at a capitalization of 4% as $50,000, assessed a deficiency tax upon the estate of $10,321.44, with $940.81 interest. This action was based upon the contention that the trusts created for those bearing the name of "Gulentz" and related to the decedent's family removed the bequests from the provisions of section 812(d) of the Revenue Code, to the extent of $22,500 in case of the Carnegie Institute and $50,000 in case of the Georgetown University. To recover the amount of $10,321.44, assessed as a deficiency, with interest from October 26, 1942, the decedent's executor has brought the instant action.

It will be noted that the trusts have been put into operation, and in the three years since the death of the testator no person by the name of "Gulentz" has applied for a scholarship in either institution. From the present condition of the relatives of that name it seems quite unlikely that any

applicants for scholarships will be at all numerous.

Had the testator strictly limited his trusts to the use of his relatives named "Gulentz", the position of the Commissioner of Internal Revenue would be entirely sound, because trusts so limited have been held in the United States not to be charitable, in this respect differing from the English law. It is admitted that the second class of scholarships, in each bequest, constitutes a charitable trust. It will be noted that the testator did not limit the first class to persons named "Gulentz". To qualify such persons had to be "physically sound graduates of high schools, either public or parochial." The second class, at Georgetown University, had also to be "Roman Catholics of good moral character, preferably poor boys of the City of Pittsburgh, Pennsylvania." The testator plainly expressed a preference that properly qualified persons of his name and related to him should have the opportunity to benefit from the scholarships, but just as plainly did not confine his charity to such persons.

■ Scott, in Law of Trusts, at page 2031, states: "* * * in the United States as well as in England, it is held that a trust for the relief of poverty or the promotion of education is charitable, although by the terms of the trust it is provided that in selecting the beneficiaries preference should be given to relatives or descendants of the settlor or of other designated persons."

The Restatement of the Law of Trusts is of like tenor; see Section 375, Comment 6: "Thus, a trust to assist needy descendants of the settlor, or to educate descendants of the settlor, is not a charitable trust. On the other hand, a trust for the relief of poverty or the advancement of education which is not so limited, is none the less a charitable trust although by the terms of the trust preference is to be given to descendants of the settlor." See also Section 370, Comment K.

"If the trust is to aid needy relatives of the settlor by way of education or relief from want, and the surplus, if any, is to be used to aid other deserving and needy persons, the courts have been inclined to treat the gift as charitable, with a mere expression of preference for relatives. By this liberal construction, the courts have sustained as charitable gifts which seemed primarily private, according to the general American view, and only in an incidental and minor way affecting the public interest." 2 Bogert, Trusts and Trustees, § 363, p. 1105, note. See Perin v. Carey, 24 How. 465, 16 L.Ed. 701; Dexter v. President, etc., of Harvard College, 176 Mass. 192, 57 N.E. 371; Annotation, 131 A.L.R. 1277, 1289.

■ Interpreting the testator's will as indicating but a preference of relatives named "Gulentz", and not a limitation to that class, as we do, judgment will be entered in favor of the plaintiff.