ESTATE OF PUILIP DORSEY, DECEASED, ELEANOR G. BRUFF, EXECU-
TRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket No. 24271.    Promulgated December 22, 1952.

*James Thomas, Esq.,* for the petitioner.
*J. Nelson Anderson, Esq.,* for the respondent.

494

496

OPINION.

HARRON, *Judge:* The only question to be decided is whether the petitioner is entitled to deduct from the value of the gross estate under section 812 (d)[5] of the Internal Revenue Code all or any part of the sum of $178,731.64 as a bequest for public, charitable, and religious

---

[5] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(d) TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.—The amount of all bequests, legacies, devises, or transfers, \* \* \* to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, \* \* \* no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, \* \* \*. If the tax imposed by section 810, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes. \* \* \*.

\* \* \* \* \* \* \*

uses. The principal issues are whether the value of the residue of decedent's estate placed in trust under Item 20 of his will, with the income therefrom and so much of the corpus as may be necessary to be used to provide scholarships at Western Maryland College for the relatives of the decedent, is deductible as a charitable bequest. Further, whether the residue of the trust fund bequeathed to Western Maryland College in perpetuity, upon termination of the trust, for educational purposes, had any ascertainable value as of the date of decedent's death. The Western Maryland College is an organization admittedly charitable in nature within the scope of section 812 (d) of the Code.

Under Item 20 of the decedent's will the residue of his estate was placed in trust with the net income from the trust together with such portion of the corpus as may be necessary, to be used to provide scholarships at Western Maryland College for the decedent's grandnieces and grandnephews for the term of the trust. Upon termination of the trust the residue of the trust estate whether of corpus or accumulated income is to be turned over to the Western Maryland College, to be held, invested and administered by them, and the net income to be used for the purpose of providing scholarships for deserving, young men and women, with a preference to be accorded relatives of the decedent. In addition to the power vested in the trustees under Item 20 of the will, to invade the corpus of the trust estate, they are directed in Items 6, 7, and 8 to provide funds out of the corpus for the payment of certain expenses incident to the maintenance of parcels of real estate, and for the support and care of decedent's sisters.

The petitioner contends, in the first instance, that the trust created under Item 20 of the will, to provide scholarships for decedent's grandnieces and grandnephews, is for educational purposes and public in nature, so that the residuary estate conveyed to the trustees aggregating $178,731.64 as computed by petitioner, is deductible under section 812 (d) of the Code. Petitioner also argues, that the will fixes a standard for determining the extent of permissible invasion of the trust corpus for private uses; that the possibility of invasion of the trust corpus for private uses is too remote to defeat the residual bequest, upon the termination of the trust, to Western Maryland College for educational purposes; and that the residual bequest is for a charitable use notwithstanding the preference to be accorded the descendants of decedent's brothers and sisters in the granting of scholarships by Western Maryland College.

The respondent contends that the trust is for private rather than for charitable uses, and therefore the value thereof is not deductible under section 812 (d). He contends, also, that because of the permissible and intended invasion of the corpus, for the various pur-

poses enumerated in the will, the value, if any, of the residual bequest, to Western Maryland College for educational purposes is not ascertainable.

The petitioner's first contention is without merit. The trust cannot be construed as one in which a general class of beneficiaries is designated, with a preference accorded to relatives of the decedent, who are members of the general class, as were the provisions of the will in *Commonwealth Trust Co. of Pittsburgh* v. *Granger*, 57 F. Supp. 502, relied on by petitioner. The primary purpose of the trust in the instant case, is to provide scholarships exclusively for the grandnieces and grandnephews of the decedent. In addition, Items 6, 7, and 8 of the will direct the payment, out of the trust corpus, of other sums for the benefit of individuals therein designated for so long as they shall live. A trust created for the above purposes is not charitable in nature within the intent and scope of section 812 (d). It lacks an essential characteristic of a charitable trust, namely, the uncertainty and indefiniteness of beneficiaries. *Russell* v. *Allen*, 107 U. S. 163, 167; Scott on Trusts, Vol. 3, secs. 364, 370, 375. Accordingly, the value of the residue conveyed to the trustees is not deductible as a transfer for public, charitable and religious uses. *Commonwealth Trust Co. of Pittsburgh* v. *Granger, supra; S. E. Thomason*, 2 T. C. 441; *Amy Hutchison Crellin*, 46 B. T. A. 1152.

The next issue is whether under Item 20 of the will the residual bequest of the trust corpus to Western Maryland College in perpetuity for educational purposes had any definitely ascertainable value as of the date of the decedent's death. Western Maryland College will not receive the trust residue, if any, until the termination of the private trust, the corpus of which is subject to being invaded and consumed. For present purposes the private trust must be considered as terminating 20 years after the last to die of six persons, whose ages at decedent's death were from 34 to 45 years, provided that two persons, age 73 and 66, at decedent's death, are then dead.[6]

Where a bequest is made of the residue of a trust corpus for charitable uses, and the trustee is empowered during the term of the trust to invade the corpus for private uses, the residual bequest to charity, to be deductible under section 812 (d), must have an ascertainable value as of the date of a decedent's death, and must be severable from the interest in favor of the private use. *Merchants Nat. Bank of Boston* v. *Commissioner*, 320 U. S. 256, 261; *Henslee* v. *Union Planters Nat. Bank & Trust Co., et al.*, 335 U. S. 595; Regulations 105, sections 81.44 to 81.47. "And in these cases the taxpayer has the burden of establishing that the amounts which will either be spent by the private

---

[6] We cannot assume that the purposes of the trust will be fulfilled at an earlier date, and that the discretion of the trustees with respect to terminating the trust, will be exercised as provided for in the will.

beneficiary or reach the charity are thus accurately calculable."
*Merchants Nat. Bank, supra,* p. 261.

In this case the petitioner has not sustained that burden. No fixed standard for measuring in terms of money the extent of the directed and permissible invasion of the corpus for private uses can be determined either by reference to the will itself or to the applicable provisions of the law of the jurisdiction governing the trust. The extent of directed invasion, under Items 6, 7, and 8 of the will, for the payment of certain expenses incident to the maintenance of parcels of real estate, could probably be stated in terms of money with reasonable accuracy, although petitioner has made no effort to establish such facts. But the extent of permissible invasion under Item 7 for the compensation of any person engaged to attend decedent's sister, Amy Dorsey, which expense decedent made "a first and paramount charge" upon the residue of his estate, cannot be readily stated or measured. Amy Dorsey was 66 years of age at decedent's death. The record does not disclose the condition of her health then, or whether she had any independent income, or any separate estate. The possibility is ever present that her care may require the expenditure by the trustees of substantial sums from the corpus for medical and nursing expenses.

Furthermore, the extent of permissible invasion of corpus under Item 20 for the purpose of providing scholarships for the grandnieces and grandnephews of decedent cannot be ascertained. The decedent was survived by eleven grandnieces and grandnephews whose ages at his death were from 2 to 16 years. It is impossible to determine how many more grandnieces and grandnephews may be born during the term of the trust. The number of possible recipients of scholarship awards, even as of the date of decedent's death, was considerable. In view of the size of the trust fund and the other burdens placed on it by the will, the possibility, if not probability, that some part of corpus will be used for providing scholarships is apparent.

It is significant, also, that the anticipated trust income appears to be insufficient to satisfy all the demands that may be made upon it, even before any invasion of corpus and before the satisfaction of postponed bequests which will decrease the property available to the trustees for the production of income. The probability that the corpus will be invaded is real and proximate, but the extent of the likely invasion cannot be measured. The petitioner's evidence does not establish either the amount of anticipated income from the trust, or the amount of total anticipated disbursements. Respondent's witness, an actuary, testified that the amount of the residue immediately available to the trustees for the production of income does not exceed $174,064.41, which sum, invested at 4 per cent would yield an annual income of only $6,962.58.

Assuming that there will be annual income in the amount of $6,962.58, it would be charged with the payment of income taxes and trustees' commissions before becoming available for trust purposes. Petitioner concedes that the support and care of decedent's two sisters would cost a minimum of $4,200 a year, before making any provision for additional and unusual expenses. In 1950, the trustees expended $1,500 for medical and nursing care in addition to ordinary expenses. Recipients of scholarships are to receive one thousand dollars, each, per year. The number of scholarship awards that will be made under the trust cannot be anticipated, but it is possible, that the cost of scholarships alone could exceed a reasonable estimate of the amount of annual trust income.

Petitioner relies on *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. But that case is readily distinguishable from this proceeding. In Ithaca Trust, the will provided a standard fixing the extent of possible invasion, and the income of the trust was more than sufficient to meet the standard provided. In our opinion the instant case is controlled by *Merchants Nat. Bank, supra.*

It is held that the petitioner is not entitled to any deduction under section 812 (d).

As the deficiency in the amount of $54,923.15, determined in the statutory notice of deficiency, must be adjusted by the amount of the credit allowable under section 813 (b) of the Internal Revenue Code,

*Decision will be entered under Rule 50.*