ELDON D. BRINLEY AND MARY ALICE BRINLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brinley v. Commissioner
Docket No. 28349-81.
United States Tax Court
T.C. Memo 1983-408; 1983 Tax Ct. Memo LEXIS 373; 46 T.C.M. (CCH) 734; T.C.M. (RIA) 83408; July 18, 1983. *374 Eldon D. Brinley and Mary Alice Brinley, pro se. Dennis R. Onnen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $419. After concessions, the issues remaining for decision are: (1) Whether petitioner Eldon D. Brinley is entitled to an educational travel expense deduction for the cost of a trip to various foreign countries; (2) whether petitioner Eldon D. Brinley is entitled to deduct as a business expense the cost he incurred in entertaining students, faculty and visiting dignitaries at Texas A & I University; and (3) whether petitioners are entitled to a charitable contribution deduction for monies paid to sustain their son, a missionary of the Church of Jesus Christ of Latter Day Saints. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Eldon and Mary Alice Brinley (petitioners) are husband and wife who were legal residents of Georgetown, Texas, at the time they filed their petition in this case. They timely filed a joint Federal income tax return for 1977 *375 with the Internal Revenue Service Center, Austin, Texas. Eldon D. Brinley (petitioner) was employed during the year 1977 as a professor in the Health and Physical Education Department at Texas A & I University in Kingsville, Texas. He has worked there since 1946. Petitioner holds a doctorate degree and teaches courses in the history and philosophy of physical education, foundations of health and physical education, and other health education courses. Petitioner has devoted his life to the field of education. He has continually strived to acquire more knowledge about his profession and to keep abreast of his particular field. He has won several awards for his achievements as an author, lecturer, and community leader. Among these awards are the Distinguished Service Award in 1949, and inclusions in such compendiums as Who's Who in the South and Southwest, Who's Who in American Education, and Notable Americans in the Bicentennial. Petitioner serves as a resource person for Texas A & I University and the surrounding community. Petitioner took a trip abroad from December 26, 1976, through January 11, 1977. He traveled throughout the Middle East, Greece, Egypt, and Switzerland. *376 He took a less expensive commercial tour to minimize his costs. He postponed his trip until he found one with a suitable itinerary. He sought a trip with travel throughout the countries where physical education and sports medicine originated. The total cost of the trip was $1,820. This amount included the following expenditures: Item
Cost
Airplane fare
$780
Bus and car expense
260
Meals and lodging
610
Guide services
170
Petitioner deducted 75 percent of his total cost for the trip, or $1,365, as a business expense under section 162(a). [1] Of this amount, $455 was deducted in 1976 and $910 in 1977. Respondent allowed 30 percent of the total cost, or $546, as an employee business expense. The amount of $455 was allowed as claimed in 1976 and $91 was allowed in 1977. Petitioner has claimed in his petition the entire amount of $1,365 as a business expense deduction for 1977. On his trip the petitioner spent a considerable amount of time studying the origins of physical education and athletics. He studied *377 in libraries in Egypt and Israel. He spent many hours gathering knowledge and later discussing what he had learned with his colleagues. When he returned from his trip, the petitioner sought to share his new-found knowledge with his students and colleagues. He took many slides of his trip abroad which were used in teaching his classes and in lecturing to students, faculty and community members. The fact that petitioner took such a trip is looked upon with favor by the administration of Texas A & I University. Such experiences can be listed on applications for tenure and promotion by the Texas A & I faculty. Petitioner entertained the Health and Physical Education Club at Texas A & I University on an annual basis. Petitioner also was very helpful to students at Texas A & I, giving them money, the use of his car, and storage space in his garage. Petitioner claimed a $230 deduction for these expenditures. The deduction was disallowed by respondent. Petitioners' son became a full-time missionary for the Church of Jesus Christ of Latter Day Saints in October 1977. They claimed a charitable contribution deduction of $942 for the monies sent to sustain their son during the latter *378 part of 1977. OPINION Issue 1. Educational Travel Expense
The first issue is whether petitioner's trip abroad qualifies as a deductible educational travel expense under section 162(a). Petitioner contends that his trip throughout the Middle East, Greece, and Switzerland served to maintain and improve his skills as an educator of the history and philosophy of physical education, foundations of health and physical education and other health education courses. He also contends that such travel was implicitly required by his employer since such experience was taken into consideration for tenure and promotion recommendations. Respondent concedes that a minor portion of petitioner's travel was devoted to activities directly related to skills required by his job, thereby entitling him to a deduction for that portion, but he contends that a major portion of the travel was a personal expense and, therefore, not deductible. Respondent argues further that the additional costs are not deductible since the trip was not geared to petitioner's professions but rather was a commercial tour.
*379 Section 162 allows a deduction for ordinary and necessary business expenses. Educational expenses are deductible business expenses when the education maintains or improves the skills required by an individual in his or her employment or other trade or business, or if the education meets the express requirements of the taxpayer's employer imposed as a condition to the retention of his employment relationship, status, or rate of compensation. Section 1.162-5(a), Income Tax Regs.
Petitioner is entitled to a deduction if a major portion of his travel was undertaken to directly maintain or improve skills required of him in his employment. Marlin v. Commissioner,54 T.C. 560 (1970); Haynie v. Commissioner,T.C. Memo. 1977-330. In view of petitioner's testimony and other evidence offered at the trial of this case, we agree with him that a deduction should be allowed for the full cost of the trip. Petitioner has established the requisite nexus between his travel abroad and the improvement of his teaching skills. Cf. Krist v. Commissioner,483 F.2d 1345 (2d Cir. 1973); Gino v. Commissioner,60 T.C. 304 (1973), *380 revd. per curiam on another issue, 538 F.2d 833 (9th Cir. 1976); Reidenbach v. Commissioner,T.C. Memo. 1981-642. Petitioner's testimony shows that the entire period of travel was spent learning about the history of his profession. It further reveals a serious dedication to the field of physical education and continuous attempts to keep abreast of his profession. While abroad the petitioner spent long hours each day gathering information, and he would return at night to discuss what he had learned with his tour companions. Respondent emphasizes that petitioner took a commercial tour which was not geared to his profession. Petitioner took the trip with a tour group to a minimize expenses.He pointed out that a trip that qualified solely as a physical education tour was not available. He waited until he found a trip with the appropriate subject matter and compatible companions so that it would be a genuine learning experience. In these circumstances we do not think the petitioner's efforts at frugality should be penalized. Rather, an individual who can utilize a commercial tour to directly maintain or improve his skills should be allowed the same deduction *381 as one who utilizes a more expensive, personalized tour. Petitioner visited countries that marked the beginning of many athletic events. By visiting these countries he was able to learn firsthand about the history of physical education and athletics so that he could pass this knowledge on to his students. For example, he researched the history of physical education at a library in Egypt. Petitioner also went to Israel and studied its physical education training system.
Petitioner's day was filled with a search for knowledge about his profession. He returned a better informed and more capable teacher in his field. He returned with slides that he has used frequently in his classes. He has utilized his new-found knowledge in lectures to students at Texas A & I University and to members of the surrounding community. In contrast to many of the cases we have decided [2] involving this issue, the petitioner here is not seeking a deduction for a purely personal vacation by claiming that it had an incidental educational purpose. He traveled to the countries where physical education and sports medicine originated. He studied in libraries in those countries. Petitioner impressed *382 us as a sincere, articulate person who is extremely dedicated to the field of education. He is constantly seeking to improve his skills as an educator. Accordingly, we hold that the entire period of petitioner's travel was directly related to maintaining or improving skills required of him in his position as a professor. Consequently, he is entitled to deduct his travel costs as ordinary and necessary business expenses under section 162(a). Issue 2. Entertainment Expense
Petitioner claims a deduction under section 162 for his costs in entertaining students, faculty and visiting dignitaries at Texas A & I University, and for giving money to students and allowing them to use his car and garage. Petitioner contends that these expenditures were expected of him in his job.
Assuming arguendo that petitioner's costs qualify under section 162 as an ordinary and necessary expense, he still lacks the substantiation *383 required by section 274(d) to qualify for a section 162 deduction. See Section 1.274-5, Income Tax Regs.
Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). An important corollary to this principle is that it is the taxpayer's burden to establish that he is entitled to the deductions claimed. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. This burden also includes substantiating the amounts of the deductions claimed. Hradesky v. Commissioner,65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Fellrath v. Commissioner,T.C. Memo. 1981-476. Section 274(d) applies to entertainment expenses and gifts claimed under section 162(a) and provides, in pertinent part, as follows: (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (2) for any item with *384 respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, * * * or the date and description of the gift, * * * (D) * * * persons entertained, * * * or receiving the gift. The regulations, promulgated pursuant to the authorization of section 274(i), provide specific requirements for substantiation of entertainment expenses and gifts. Section 1.274-5(c)(2)(i), Income Tax Regs., provides, in pertinent part, that substantiation by adequate records means: a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, *385 are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. It is not necessary to record information in an account book, diary, statement of expense or similar record which duplicates information reflected on a receipt so long as such account book and receipt complement each other in an orderly manner. (ii) Account book, diary, etc. An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure. At trial the petitioner offered no records to substantiate his claimed expenditures. He stated that he failed to keep track of all the expenses and that it was impossible to get receipts for some of the items, e.g., the use of his car by a student. Petitioner has failed to sustain his burden of proof. We cannot waive the substantiation requirements of section 274(d) and section 1.274-5, Income Tax Regs. See Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Gleixner v. Commissioner,T.C. Memo. 1983-365; *386 Winter v. Commissioner,T.C. Memo. 1983-118. Accordingly, we hold that petitioner's claimed deductions for entertainment expenses and gifts under section 162 must be disallowed. Issue 3. Charitable Contributions
The final issue is whether petitioners are entitled to a charitable contributions deduction under section 170 for $942 paid by them to sustain their son while he served as a missionary for the Church of Jesus Christ of Latter Day Saints (hereinafter the "LDS Church"). Petitioners contend that all monies sent to their son during his mission are deductible. They argue that the monies were contributions to the LDS Church whether paid directly to their son or to the church. Petitioners offered into evidence several checks made out to their son, and a check made out to a travel agency.
Respondent contends that the LDS Church never had full control of the funds since they were given directly to petitioners' son. Respondent also points out that petitioners were likely to have been motivated by a desire to benefit their son rather than a disinterested desire to benefit the church. Respondent asserts that since the funds were used solely for the son's *387 personal benefit, no deduction should be allowed. We agree with respondent. To be deductible a charitable contribution must be made to an organization qualifying under the provisions of section 170(c). The LDS Church is such an organization. [4] The contribution must also be absolute. As a general rule, it must not contain a designation that a particular individual receive it. See Thomason v. Commissioner,2 T.C. 441 (1943). If the donor requires that the money go to a specific beneficiary, no deduction is allowed. Thomason v. Commissioner,supra.However, a taxpayer may express his desire that the money go to certain individuals without losing his deduction under section 170 where it is shown that the taxpayer knew and intended that the funds would go into a common pool to be distributed only as the charity itself determined. Peace v. Commissioner,43 T.C. 1 (1964). In the instant case the funds were given directly to Derry *388 Brinley and Murdock Travel, not to the LDS Church. Derry and Murdock Travel are not qualified recipients under section 170.Moreover, the funds were given to Derry for his personal use. He did not receive the funds in a capacity as an agent of the church. The funds went directly to him, and he spent the money as he wished without having to account to anyone.
We acknowledge that deductions have been allowed for charitable contributions where an officer of the church receives funds for the church and dispenses them as the church wishes by giving them to a missionary. Winn v. Commissioner,595 F.2d 1060 (5th Cir. 1979), revg. on this issue 67 T.C. 499 (1976). In the Winn case the taxpayer donated funds to a church sponsored drive to raise money for a particular missionary and an elder of the church took the donated funds and deposited them in the missionary's personal account. We find that Winn is distinguishable because the funds were handled by a church official. [5] By contrast, the funds in this case went directly from the petitioners to their son *389 without any intervention by the church. Hence, we hold that no deduction is allowable. Accord, White v. United States,514 F. Supp. 1057 (D. Utah 1981); Davenport v. Commissioner,T.C. Memo. 1975-369. To reflect the parties' concessions and our disposition of the disputed issues, Decision will be entered under Rule 155.
Footnotes
1. All section references herein are to the Internal Revenue Code of 1954, as amended and in effect during 1977, unless otherwise indicated.↩
2. See e.g., Bowden v. Commissioner,T.C. Memo. 1982-548; Cabieles v. Commissioner,T.C. Memo. 1982-421; Reidenbach v. Commissioner,T.C. Memo. 1981-642; Fellrath v. Commissioner,T.C. Memo. 1981-476↩.
4. Internal Revenue Service Publication No. 78, Cumulative List of Organizations (1977).↩
5. Having found the Fifth Circuit's decision in Winn↩ factually distinguishable from this case, we need not express our views here as to whether we agree with that decision or its rationale.