## CHANNING v. UNITED STATES.
### No. 5447.

District Court, D. Massachusetts.
July 10, 1933.

Channing, Corneau & Frothingham and Lawrence S. Apsey, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass.

BREWSTER, District Judge.

To this petition to recover $128.70, alleged to have been illegally exacted as an income tax for 1929, the respondent has demurred.

The petitioner alleges in her petition that during the year 1929 she "made contributions,

levied for the tuition of her children, to three (3) different corporations organized and operated· exclusively for educational purposes, no part of the net earnings of which inured to the benefit of any private shareholder or individual; to wit, Two Hundred (200) dollars to the Trustees of Bryn Mawr College, an endowed institution * * *; three hundred (300) dollars to The Winsor School, another endowed institution, * * *; and Five hundred (500) dollars to The Garland School of Home Making, * * * not an endowed institution; that the contribution to the cost of education of undergraduate students in said Bryn Mawr College which was levied as tuition in the college year 1928–1929 constituted less than half the actual cost ·of educating such students during said year; that the balance of said cost was made up from endowment funds· and donations; that the Petitioner's said contributions were duly claimed as deductions in her income tax return for the year 1929;" that these deductions were disallowed and a deficiency assessment of $128.70 was paid under protest. A claim for refund was duly filed and was rejected, and this proceeding was seasonably brought.

██ The single question presented is whether the tuition paid to the three educational institutions for the education of petitioner's daughters were proper deductions under section 23 (n) (2) of the Revenue Act of 1928, 26 USCA § 2023 .(n) (2). The applicable provisions of this statute are:

Sec. 23. *"Deductions from Gross Income.*

"In computing net income there shall be allowed as deductions: * * * (n) Charitable and Other Contributions. In the case of an individual, contributions or gifts made within the taxable year to or for the use of: * * * (2) any corporation * * * operated exclusively for * * * educational purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual."

The petitioner's claim is presented in an elaborate and ingenious argument which, when summarized, comes to this, that the alleged sums were paid to corporations which fell within the classes defined in section 23 (n) (2); that the generally accepted meaning of the word "contribution" is broad enough to include sums "levied for the tuition of" students in such educational institutions, and that therefore such sums are contributions deductible under section 23. That the institutions named are corporations within the scope of section 23 (n) (2) is alleged and therefore

admitted by the demurrer. As a lexigraphic proposition, it can also be conceded that the word "contribution" may properly be employed in referring to payments of tuition. Nevertheless, as a legal proposition, I cannot believe that Congress ever intended to give to the act an interpretation wide enough to admit payments made by a taxpayer as a price for a service rendered. The colleges and schools provided instruction and maintenance for a price, namely, tuition. While in a sense the payment of the price involved the idea of a contribution to the institution for educational purposes, there was no such voluntary donation to the purposes of education as was contemplated by the act.

██ When the purpose of the ·legislation is considered, any rational meaning given to the language of the statute will not admit of the deduction of payments made upon full consideration. The obvious and rational meaning is to be preferred to any curious sense that only "the ingenuity and study of an acute and powerful intellect would discover." Mr. Justice Sutherland in Lynch v. Alworth-Stephens Co., 267 U. S. 364, 370, 45 S. Ct. 274, 276, 69 L. Ed. 660. It can be said of the statute under consideration, as was said of other provisions of income tax laws, "that the words of the statute * * * do not refer to some esoteric concept derived from subtle and theoretic analysis." Mr. Justice· Roberts in Old Colony R. Co. v. Commissioner, 284 U. S. 552, 561, 52 S. Ct. 211, 214, 76 L. Ed. 484. These observations can appropriately be applied to taxing acts. Old Colony R. Co. v. Commissioner, supra; De Ganay v. Lederer, 250 U. S. 376, 381, 39 S. Ct. 524, 63 L. Ed. 1042.

The history of the legislation providing for charitable and other deductions indicates that Senator Hollis, the sponsor of the Senate amendment which was finally enacted as section 23, referred to the amendment as one permitting "contributions" to be deducted up to a certain per cent. of the entire net income. Nevertheless, it is clear from the congressional record that he was using the term as synonymous with the word "gift." The Senator observed (55 Congressional Record, 6730) :

"We are now talking about the income tax on individuals, however; and the point I wish to emphasize is this: By agreement of the committee we are now going to exempt from taxation *gifts* to charitable, educational and scientific institutions not to exceed 15 per cent of the donor's income." (Italics mine.)

██ I think there is merit also in the argument of the United States attorney that tui-

tion for the education of the children of a taxpayer may properly be deemed a family expense, and that therefore, by express provisions of the act, the petitioner is denied the right to the deductions claimed. Revenue Act of 1928, § 24 (a), 26 USCA § 2024 (a).

Upon the allegations of the petition it is apparent that the additional tax of $128.70 was not illegally assessed or exacted. There was no error in refusing to allow the deductions.

Respondent's demurrer is sustained.