OPINION. Raum, Judge: The tax-exempt status of the society has been stipulated and is not in issue. The sole question is whether respondent erred in determining that $400 of the amount paid by petitioners to the society during 1958 did not in fact constitute a charitable contribution within the meaning of section 170 of the Internal Revenue Code of 1954.[1] As used in this section the term “charitable contribution” is synonymous with the word “gift.” Channing v. United States, 4 F. Supp. 38, 34 (D. Mass.), affirmed per curiam 67 F. 2d 986 (C.A. 1), certiorari denied 291 U.S. 686. A gift is generally defined as a voluntary transfer of property by the owner to another without consideration therefor. If a payment proceeds primarily from the incentive of anticipated benefit to the payor beyond the satisfaction which flows from the performance of a generous act, it is not a gift. Cf. Estate of O. J. Wardwell, 35 T.C. 443; Bogardus v. Commissioner, 302 U.S. 34, 41; Commissioner v. Duberstein, 363 U.S. 278. We are satisfied on the record before us that at least a portion of the $1,075 paid by petitioners to the society was in the nature of tuition fees for the education which the society was expected to furnish to petitioners’ children and was not in fact a true charitable contribution. Payments pledged and made by parents in the circumstances disclosed by the evidence were not voluntary and gratuitous contributions motivated merely by the satisfaction which flows from the performance of a generous act; they were induced, at least in substantial part, by the benefits which the parents sought and anticipated from the enrollment of their children as students in the society’s school. Whether such payments be labeled as “tuition” is a matter of no consequence. They were certainly in the nature of tuition, at least in substantial part. The parties have stipulated that the actual cost per grammar school student to the society during 1958 was not less than $200, and petitioners enrolled their two children in the society’s grammar school in 1958. They paid $1,075 to the society, and claimed all of it as a charitable deduction. We cannot say that the Commissioner erred in disallowing $400 of that amount on the ground that it did not constitute a charitable deduction. Cf. Rev. Rul. 54-580, 1954-2 C.B. 97. The petitioners have not sustained their burden of showing error in the Commissioner’s determination. Decision will be entered for the respondent. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIETS. (a) Allowance of Deduction.— (1) General rule. — There shall be allowed as a deduction any charitable contribution (as defined In subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. ******* (c) Charitable Contribution Defined. — Eor purposes of this section, the term “charitable contribution” means a contribution or gift to or for the use of— ******* .(2) A corporation, trust, or community chest, fund, or foundation)— ******* (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individ/ual; and