JAMES A. McLAUGHLIN AND KATHERINE E. McLAUGHLIN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3061–67. Filed November 4, 1968.

*Thomas F. Quinn*, for the petitioners.
*Alan I. Weinberg*, for the respondent.

### OPINION

IRWIN, *Judge:* Respondent assessed a deficiency in petitioners' income tax for the 1964 in the amount of $511.65. Since petitioners did not raise any issue as to respondent's disallowance of a casualty loss in their petition and expressly conceded it at the trial, the only issue presented is whether their payments in 1964 of $1,526 to the Sisters of Divine Providence as tuition payments for their five children qualifies as a deductible charitable contribution.

The parties stipulated all the facts and an exhibit which are incorporated herein by this reference.

Petitioners, James A. McLaughlin and Katherine E. McLaughlin, are husband and wife who resided in Marshfield, Mass., at the time they filed the petition herein. Petitioners filed their joint Federal income tax return for the taxable year 1964 with the district director of internal revenue for the district of Massachussetts.

The Sisters of Divine Providence (hereinafter Sisters) is a corporation organized and operated exclusively for educational purposes within the purview of section 170(c)(2)(B) of the Internal Revenue Code of 1954. Sisters operates the Sacred Heart School in Kingston, Mass. During 1964 five of petitioners' children attended the Sacred Heart School. Petitioners paid $1,526 in 1964 as tuition to Sisters. Petitioners deducted this sum from their adjusted gross income on their 1964 income tax return. The Commissioner disallowed this deduction.

The parties agree that the resolution of this case depends upon whether the payments by petitioners were a "charitable contribution" within section 170(c)(2)(B).[1] That section, insofar as it is relevant here, defines a "charitable contribution" as "a contribution or gift to or for the use of" a corporation "organized and operated exclusively for * * * educational purposes." Since the parties stipulated that

---

[1] All statutory references are to the Internal Revenue Code of 1954.

Sisters is a qualified educational institution, we must decide whether petitioners' payments constituted contributions or gifts within the contemplation of section 170(c).

Petitioners stipulated that their children attended the school operated by Sisters and that the payments to Sisters were made as tuition.

It seems clear from the stipulations and from the context of petitioners' brief that the tuition payments were made in order that the children could attend Sacred Heart School. As such we think that our decision and discussion in *Harold DeJong*, 36 T.C. 896, 899 (1961), affd. 309 F. 2d 373 (C.A. 9, 1962), provides the answer to the issue herein. There we stated:

As used in this section [sec. 170] the term "charitable contribution" is synonymous with the word "gift." * * * A gift is generally defined as a voluntary transfer of property by the owner to another without consideration therefor. If a payment proceeds primarily from the incentive of anticipated benefit to the payor beyond the satisfaction which flows from the performance of a generous act, it is not a gift. * * *

In *Harold DeJong* the Commissioner had determined that a portion of payments made by petitioners to an exempt educational organization represented tuition for petitioners' two children. We found as fact that at least that portion was intended as payment in the nature of tuition. We held that petitioners failed to prove that the Commissioner erred because, notwithstanding the lack of the "tuition" label, the payments in issue—

were not voluntary and gratuitous contributions motivated merely by the satisfaction which flows from the performance of a generous act; they were induced, at least in substantial part, by the benefits which the parents sought and anticipated from the enrollment of their children as students in the society's school * * * [*Id.* at 899–900.]

Likewise, petitioners made the tuition payments here in issue for the purpose of obtaining enrollment of their children in a particular school. Petitioners have not proven any intent other than the intent to enroll their children in the school. Therefore, we think the payments were personal living or family expenses which are not deductible under the provisions of section 262. See, e.g., *Channing* v. *United States*, 4 F. Supp. 33 (D. Mass. 1933), affirmed per curiam 67 F. 2d. 986 (C.A. 1, 1933), certiorari denied 291 U.S. 686 (1934).

Petitioners rely on several cases arising in courts of various States. These cases are not authority for determining what the term "charitable contribution" means for purposes of the Federal taxing statutes. There is nothing in these statutes to indicate that Congress intended that we should look at State laws in making our determinations in cases such as this. See *Burnet* v. *Harmel*, 287 U.S. 103 (1932).

Also petitioners contend that they could have obtained the same education for their children in publicly supported schools and that,

therefore, there was no fair market value of the education provided by the Sisters. Petitioners miss the point of the concept of donative intent under section 170. As the *DeJong* case demonstrates, it is the taxpayer's motive that is relevant. Here the motive was to obtain enrollment of petitioners' children in the Sacred Heart School, and that enrollment appears to have been the consideration for the payment.

Petitioners allege and contend that Sisters operated Sacred Heart School as a religious or parochial school, apparently expecting the religious aspect to affect the result in this case. Even if they had adduced evidence that Sacred Heart School was a religious institution, we fail to see how that circumstance would affect the nature of the payments to Sisters. We have pointed out that petitioners' expectation of benefits in return for the tuition prevents the payments from being termed "gifts" or "contributions" under section 170. In any event, the parties have stipulated that Sisters qualified as an educational organization under section 170 and the school's religious nature, even if proved, would not affect its qualified status for purposes of this case.

*Decision will be entered under Rule 50.*