John J. L. Ryan and Alice M. Ryan v. Commissioner.
Ryan v. Commissioner
Docket No. 2006-69 SC.
United States Tax Court
T.C. Memo 1969-212; 1969 Tax Ct. Memo LEXIS 84; 28 T.C.M. (CCH) 1120; T.C.M. (RIA) 69212; October 13, 1969. Filed John J. L. Ryan, pro se, 5039 S. Leclaire Ave., Chicago, Ill. James F. Hanley, Jr., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $129.63 in petitioners' Federal income tax for the year 1967. Respondent has conceded that petitioners are entitled to the full amount ($851) claimed as a medical expense deduction on their joint Federal income tax return for 1967. The only issue remaining for decision is whether petitioners are entitled to charitable deductions under section 170, Internal Revenue Code *85 of 1954, in excess of the $356 allowed by respondent in the statutory notice of deficiency. The difference between the total amount ($1,102) of charitable contributions claimed on petitioners' tax return and the $356 allowed by respondent is primarily attributable to payments made by petitioners to various parochial schools for tuition, books and other expenses. Most of the facts are stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners are husband and wife whose legal residence was Chicago, Illinois, at the time the petition was filed in this proceeding. Petitioners filed their joint Federal income tax return for 1967 with the Midwest Service Center, Kansas City, Missouri. From January 1, 1967 to November 7, 1967, petitioners and their family resided at 611 W. Broadway, Anaheim, California. From November 8, 1967 through December 31, 1967, petitioners and their family 1121 resided at 5139 South Minard, Chicago, Illinois. In November 1968, petitioners and their family moved to 5039 South Leclaire Avenue where they now reside. During 1967 petitioners' children attended the following schools: Name
Age
Grade
School
From
Through
Paul
16
10th
Mater Dei H.S.
Jan.
Oct.
Kennedy-St. Paul H.S.
Nov.
Dec.
Peter
12
8th
St. Boniface
Jan.
Oct.
St. Jane's
Nov.
Dec.
Michael
9
4th
St. Boniface
Jan.
Oct.
St. Jane's
Nov.
Dec.
Patrice
11
Public school
1967
Jane
7
3rd
St. Boniface
Jan.
Oct.
St. Jane's
Nov.
Dec.
*86 Mater Dei High School is a Catholic high school located at 1202 W. Edinger Avenue, Santa Ana, California. St. Paul High School is a Catholic high school located at 6435 W. 59th Street, Chicago, Illinois. St. Boniface School is a Catholic grammar school located at 505 W. Center Street, Anaheim, California. St. Jane's is a Catholic grammar school located at 5252 South Austin Avenue, Chicago, Illinois. Petitioners and their family were members of the parish of St. Boniface of Anaheim, California, a Roman Catholic church, from January through October 1967. Thereafter, for the remainder of 1967, they were members of the parish of St. Jane de Chantal. On their 1967 joint Federal income tax return petitioners claimed as deductions the following amounts as charitable contributions paid to the designated organizations: St. Jane's
$ 250
St. Boniface
360
Mater Dei
345
Bro. of St. Patrick
5
East Anaheim L. League
13
St. Paul School
15
Maryknowell (sic)
24
St. Micheal's (sic)
15
First Christian Church, East Anaheim 75
Total
$1,102 Respondent determined that of the $1,102 claimed by petitioners as charitable deductions $356 was allowable and $746 was not allowable. *87 Certain amounts paid to St. Jane's, St. Boniface and Mater Dei as well as $5 paid to the Brothers of St. Patrick, $24 paid to Maryknoll and $5 paid to St. Michael's were allowed by respondent. During 1967 petitioners maintained a joint checking account at the Security First National Bank of Anaheim, California. During the latter part of 1967 petitioner John J. L. Ryan maintained a checking account at the Garfield Ridge Trust and Savings Bank in Chicago. In 1967 petitioners paid $172.75 to the St. Jane de Chantal School for tuition for their children Peter, Michael and Jane. They paid a total of $184.15 to St. Boniface in 1967 for tuition, registration fees, books and milk for their children. They also paid Mrs. Clara Faust, St. Boniface's organist, the amount of $10 for playing the organ at the wedding of one of their daughters. In 1967 petitioners paid to Mater Dei a total of $329.89 for tuition, registration fee and books for their son Paul. The amount of $15 was paid to St. Paul High School. Petitioners' son, Peter, was a member of a team in the East Anaheim Little League. They contributed $13 to the East Anaheim Little League in 1967. In October 1967, petitioners paid *88 Mrs. Robert Hunt $40 for the use of a hall at the First Christian Church of East Anaheim for their daughter's wedding reception. In addition to the $356 allowed by respondent, petitioners are entitled to the following deductions: (1) a charitable contribution of $50 to the Mater Dei for the athletic fund; (2) charitable contributions of $60 paid in cash to St. Boniface; (3) a charitable contribution of $13 to the East Anaheim Little League, a qualified organization under section 170(c) of the Code. To be allowable as charitable deductions under section 170, petitioners must establish that the amounts in dispute were paid to qualified charitable organizations as gifts. Such amounts may not be for personal, living or family expenses. Section 262, Internal Revenue Code of 1954. It is well settled that the cost of educating a child is a personal, family expense. James A. McLaughlin 51 T.C. 1122 233 (1968), affirmed per curiam - F. 2d - Dejong 36 T.C. 896 (1961), affd. 309 F. 2d 373 (C.A. 9, 1962). Tuition and related expenses for attending a parochial school are not deductible as charitable contributions since they represent *89 payment for services rendered as well as being family expenses which are expressly denied by section 262. Channing v. United States, 4 F. Supp. 33 (D. C. Mass. 1933), affirmed per curiam 67 F. 2d 986 (C.A. 1, 1933); Harold Dejong, supra.This principle applies even though the payments for tuition and related expenses are made to a qualified educational or religious organization. James A. McLaughlin, supra. Consequently, we hold that petitioners are not entitled to deduct the payments made for tuition, registration fees and school books. We have determined that petitioners should be allowed a portion ($50) of the $100 paid to Mater Dei for a contribution to the athletic fund and for football tickets. We hold that the amount attributable to the football tickets is a nondeductible personal expenditure, and that only that portion attributable to the athletic fund is deductible. See Rev. Rul. 67-246, 1967-2 C.B. 104. And, based on the testimony of both petitioners, we hold that they made cash church contributions of $60 in 1967. In addition, we have allowed the $13 contribution to the East Anaheim Little League. The other miscellaneous amounts, *90 such as those paid to Mrs. Clara Faust and Mrs. Robert Hunt, were nondeductible personal expenses and were properly disallowed by respondent. To reflect the concession made by respondent and the conclusions reached herein, Decision will be entered under Rule 50.