OECNION The only issue presented is whether the petitioners are entitled to deduct for the taxable year 1962 as a charitable contribution under section 170 of the Internal Eevenue Code of 1954,[1] the amount of $1,560 representing the value of their interest in a water and selwer system, which was transferred to the village in that year. The respondent concedes that the village is, within the meaning of the statute, a political subdivision of the State of Texas, but contends that the transfer does not qualify under the statute because it was not a “contribution or gift.” He argues that the transfer merely created a trust relationship or, alternatively, that the transfer was made pursuant to a binding contract whereby the petitioners received direct benefits, and that the transfer was primarily motivated by the anticipation of the receipt of such benefits. The respondent also contends that the transfer was not made for exclusively public purposes because only residents who paid a designated sum of money, in addition to the monthly service charge, were permitted to participate in the water and sewerage services. The petitioners, on the other hand, contend that the transfer of their interest in the water and sewer lines was intended as a gift, that they never expected or received any benefit or other consideration from the village for the conveyance other than those derived from being a citizen of the village, that the water and sewer system 'has been operated exclusively for public purposes since the transfer, and that therefore they are entitled to the benefit of a deduction as provided in section 170 of the Code. The term “charitable contribution” as used in section 170 is synonymous with the word “gift.” Harold DeJong, 36 T.C. 896, affd. (C.A. 9) 309 F. 2d 373; Jordon Perlmutter, 45 T.C. 311; James A. McLaughlin, 51 T.C. 233, affd. (C.A. 1)-F. 2d-; and Channing v. United States, (D. Mass.) 4 F. Supp. 33, affd. (C.A. 1) 67 F. 2d 986, certiorari denied 291 U.S. 686. In Harold DeJong, supra, we stated: As used in this section the term “charitable contribution” is synonymous with the word “gift.” Channing v. United States, 4 F. Supp. 33, 34 (D. Mass.), affirmed per curiam 67 F. 2d 986 (C.A. 1), certiorari denied 291 U.S. 686. A gift is generally defined as a voluntary transfer of property by the owner to another without consideration therefor. If a payment proceeds primarily from the incentive of anticipated benefit to the payor beyond the satisfaction which flows from the performance of a generous act, it is not a gift. Cf. Estate of O. J. Wardwell, 35 T.C. 443; Bogardus v. Commissioner, 302 U.S. 34, 41; Commissioner v. Duberstein, 363 U.S. 278. In Commissioner v. Duberstein, 363 U.S. 278, the Supreme Court stated: The course of decision here makes it plain that the statute does not use the term “gift” in the common-law sense, but in a more colloquial sense. This Court has indicated that a voluntary executed transfer of his property by one to another, without any consideration or compensation therefor, though a common-law gift, is not necessarily a “gift” within the meaning of the statute. For the Court has shown that the mere absence of a legal or moral obligation to make such a payment does not establish that it is a gift. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 730. And, importantly, if the payment proceeds primarily from “the constraining force of any moral or legal duty”, or from “the incentive of anticipated benefit” of an economic nature, Bogardus v. Commissioner, 302 U.S. 34, 41, it is not a gift. And, conversely, “[w]here the payment is in return for services rendered, it is irrelevant that the donor derives no economic benefit from it.” Robertson v. United States, 343 U.S. 711, 714. A gift in the statutory sense, on the other hand, proceeds from a “detached and disinterested generosity,” Commissioner v. LoBue, 351 U.S. 243, 246; “out of affection, respect, admiration, charity or like impulses.” Robertson v. United States, supra, at 714. And in this regard, the most critical consideration, as the Court was agreed in the leading case here, is the transferor’s “intention”. Bogardus v. Commissioner, 302 U.S. 34, 43. “What controls is the intention with which payment, however voluntary, has been made.” Id., at 45 (dissenting opinion). [[Image here]] the proper criterion, established by decision here, is one that inquires what the basic reason for his conduct was in fact — the dominant reason that explains his action in making the transfer. * ⅜ * * ⅜ ⅜ * * :J: ⅛ Decision of the issue presented in these cases must be based ultimately on the application of the fact-finding tribunal’s experience with the mainsprings of human conduct to the totality of the facts of each ease. * * * The above principles were enunciated by the Supreme Court with regard to the meaning of the term “gift” as used in section 102(a) of the Internal Bevenue Code of 1954, but it has been held that they are equally applicable with regard to the term “gift” as used in section 170 of the Code. DeJong v. Commissioner, supra. Some of the residents of Hilshire Manors, which is a subdivision of the village, were experiencing difficulty with their septic tanks and this became a matter of concern to many residents of the subdivision. Forty-three of such residents, including the petitioners, contributed $1,560 each into a fund for the construction of sewer and water lines in the streets of the village. They as a group entered into a contract with a contractor to accomplish this construction, but this was done in conformity with an understanding with the board of aldermen of the village which adopted ordinances which provided that upon completion of the construction the village would accept conveyance of all the water and sewer lines and obligate itself to maintain such lines and to do whatever might be necessary to operate the system for the benefit of such property owners and any others who subsequently decided to participate and make a payment of $1,710. When the lines were completed the 43 participants, through the contractor as their agent, transferred all their right, title, and interest therein to the village. The village then contracted with the City of Houston for the water supply and for the disposal of the sewage. Each resident wlio made use of the services paid a flat sum per month for use of the sewage system and the receipt of a specified amount of water. The petitioner testified that for 7 years prior to the construction of the water and sewer system he had used his own water well and septic tank without any problems and that he did not anticipate any problems, that he therefore did not need the use of the water and sewer lines, that he participated in the enterprise for the benefit of those who did need the use of such facilities, that he did not expect anything back from the village in consideration of the transfer of his 1/43 interest, and that he intended the transfer of his interest to be a gift to the village. The petitioners and the other participants transferred their interests in the water and sewer lines to the village in consideration of the undertaking of the village to maintain and operate the water and sewer system for supplying water and disposing of the sewage. Thus, the petitioners received a consideration for their transfer which deprives the transfer of the character of a gift. And even if the petitioners had not used the facilities the same would be true, since the system would be available for their use if they should choose to make use of it. Furthermore, such an improvement as an operating water and sewer system would certainly tend to increase the value of their property. In any event, even if it were considered that the transfer was made without consideration from the village, the result would be the same. The judicial ascertainment of someone’s subjective intent or purpose motivating actions on his part is frequently difficult, and his true intention is to be determined not only from the direct testimony as to intent but from a consideration of all the evidence. Irving D. Fisher, 54 T.C. 905, and cases cited therein. Although the petitioner testified that he did not need either the water or the sewer system because his water well and septic tank were adequate, he did concede that he knew when he transferred his interest that the facilities would be available to him if he desired to use them. In fact, he did use the sewer system, paying the monthly charge. Although he did not use the water supply he was entitled to do so without further charge. From a consideration of the record as a whole, we are of the opinion that the transfer by the petitioners of their interest in the system did not proceed primarily from a detached and disinterested generosity, but primarily from the incentive of an anticipated benefit of an economic nature. The petitioners rely upon the cases of Toole v. Tomlinson, (M.D.Fla.)-F. Supp.-; and Citizens & Southern National Bank of S.C. v. United States, (W.D.S.C.) 243 F. Supp. 900. We do not consider those cases apposite. The transfers involved in those cases were made for the public benefit and the only benefits received by the trans-ferors were the same as those enjoyed by other members of the public who did not make any transfers. In the instant case the benefit derived by the petitioners was a direct benefit resulting from their transfer and not merely an incidental benefit flowing to them as members of the community. For the foregoing reasons, we hold that the transfer by the petitioners to the village of their interest in the water and sewer system did not constitute a contribution or gift within the meaning of section 170 of the Code, and that the respondent did not err in disallowing the claimed deduction. It becomes unnecessary to consider other arguments made by the respondent in support of his disallowance of the deduction. Decision will he entered for the respondent. Sec. 170 of the Code provides in part as follows : (a) Allowance of Deduction.— (1) General role. — There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * * ****** * (c) Charitable Contribution Defined.' — For purposes of this section, the term “charitable contribution” means a contribution or gift to or for the use of— (1) A State, a Territory, a possession of the united States, or any political subdivision of any of the foregoing, or the united States or the District of Columbia, but only if the contribution or gift.is made for exclusively publie purposes.