John H. and Josephine Winters v. Commissioner.
Winters v. Commissioner
Docket No. 5902-70 SC.
United States Tax Court
T.C. Memo 1971-290; 1971 Tax Ct. Memo LEXIS 40; 30 T.C.M. (CCH) 1238; T.C.M. (RIA) 71290; November 16, 1971, Filed. John H. Winters, pro se, 455 Lebanon St., Wychoff, N. J.Thomas S. Carles, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioners' joint Federal income tax for the taxable year 1968 in the amount of $709.96. The sole issue is whether the amount of $2,064 paid by petitioners to an education fund established and maintained by their church and used to support schools in which their children were enrolled is deductible from gross income for 1968 as a charitable contribution 1239 pursuant to section 170 of the Internal Revenue Code of 1954 and the regulations thereunder. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners are husband and wife who resided at all *41 relevant times at 455 Lebanon Street, Wychoff, New Jersey. Their joint Federal income tax return for the taxable year 1968 was filed with the internal revenue service center at Philadelphia, Pennsylvania. Petitioners are active members in the Irving Park Christian Reformed Church congregation, a church which encourages its members to send their children to christian schools and to financially support such schools. Petitioners enrolled their four children in a private school which was one of several operated by the Eastern Christian School Association (hereinafter referred to as the Association). The Association is a tax-exempt corporation whose purpose is to establish and maintain schools with a curriculum geared to the religious convictions of petitioners' faith. The Irving Park Christian Reformed Church (hereinafter referred to as the Church) has established the Irving Park Christian Reformed Church Education Boosters, a fund which operates as a conduit between the Church and the Association. This fund is used exclusively to support the schools of the Association. Neither the Church nor the Association developed a schedule of tuition payments. However, while petitioners were *42 not compelled to contribute to the Association through the fund, they were encouraged to do so, and did sign pledge cards indicating the amount of anticipated payments. On their joint Federal income tax return for 1968 petitioners deducted the sum of $2,064 paid by them to the Irving Park Christian Reformed Church Education Boosters as a charitable contribution under section 170 of the Internal Revenue Code of 1954. Respondent disallowed this claimed deduction in his statutory notice of deficiency on the grounds that it did not constitute a charitable contribution within the meaning of section 170. Other substantial contributions to the Christian Reformed Church have been allowed. Opinion Section 170 of the Internal Revenue Code of 1954 allows the taxpayer a deduction for any charitable contribution or gift to a fund organized and operated exclusively for religious purposes. The term "contribution" is used as being synonymous with the word "gift", Channing v. United States, 4 F. Supp. 33 (D. Mass. 1933), affd. 67 F. 2d 986 *43 (C.A. 1, 1933), certiorari denied 291 U.S. 686 (1934). The Supreme Court held in the case of Commissioner v. Duberstein, 363 U.S. 278 (1960), that a gift must proceed from detached and disinterested generosity. Petitioners must convince us that the dominant reason for their payment of funds to the Christian Reformed Boosters was a feeling of generosity. It should be noted that the donor's characterization of his action is not determinative. An objective inquiry must be made in deciding whether a gift has been consummated, Duberstein, supra. Although petitioners could have enrolled their children in nearby public schools, they contend that such action would be contrary to their deep religious convictions, in that their Church encourages the use of religious educational day schools to develop religious motivations and to insure future active members. They have stated that during the baptism of their children, they promised that their children would be reared according to the doctrines of the Church. Yet, even though petitioners may have been primarily motivated by their religious beliefs, the law does not allow a deduction where such motivation *44 is also coupled with the anticipation of an economic benefit. Duberstein, supra. While it is true that petitioners were not required to contribute funds which eventually would be used in supporting their children's school, they were encouraged to do so. The mere absence of a legal or moral obligation to make a payment does not establish that such payment constitutes a gift, Duberstein, supra; Old Colony Trust Co. v. Commissioner, 279 U.S. 716 (1928). And, the costs invoved in educating petitioners' children did have some bearing in their arriving at the amount of their contribution. These payments were made to insure that a school where their children would be educated by people who shared their religious convictions would be available. They were providing funds for the education of their children. This benefit clearly has monetary value. Such payments are more in the nature of tuition payments, a personal expense according to Channing, supra, rather than a charitable contribution. 1240 Petitioners' case closely parallels the *45 case of Harold DeJong v. Commissioner, 309 F. 2d 373 (C.A. 9, 1962). In that case the petitioners paid the sum of $400 to a tax-exempt corporation organized exclusively for educational purposes. The corporation was expected to establish and maintain a school where students could obtain a thorough training in Christian religion and doctrines, as well as a mechanical, literary, and general education. While no tutition was charged, parents of the students were encouraged to sign pledge cards and to contribute to the school. No students were denied admission because their parents had not contributed. Additional funds for the school were derived from supporting churches and from individuals who were not parents of students. The Ninth Circuit Court of Appeals held that the contributions were induced in substantial part by the benefits which the parents anticipated from the enrollment of their children and were to be considered as tuition payments. While petitioners in the instant case have contended that there are distinctions between their case and DeJong, supra, these are distinctions without differences. Although in DeJong, the petitioners may not have contended *46 that the payment was induced by the church or that it was paid out of religous conviction, both there and here funds were paid to private religious schools which the children of the respective petitioners attended, even though such payments were not legally required. Nor is the fact that in DeJong payments were forwarded directly to the school a crucial distinction. Denying petitioners the deduction claimed herein does not infringe on their right to the "free exercise" of their religion. They are still able to furnish a religious education for their children and to practice their religion as they desire. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.