**Don SPELL**

v.

**KENDALL–FUTURO COMPANY.**

No. 1:93–CV–505.

United States District Court,
E.D. Texas,
Beaumont Division.

May 26, 1994.

Sid Stover, Seale, Stover, Coffield & Bisbey, Jasper, TX, for plaintiff.

Richard E. Hanson, Brown, Sims, Wise & White, Houston, TX, for defendant.

### ORDER

COBB, District Judge.

Before the court is the Defendant's Motion for Destructive Testing. After considering the Motion, this Court is of the opinion that the Motion should be granted with specified limitations.

The plaintiff seeks recovery for personal injuries allegedly sustained when the cane manufactured by the defendant failed. The defendant seeks to destructively test the cane to determine its tensile strength and metallurgical content. Although the plaintiff has apparently not agreed to the testing, he has not responded to the defendant's motion.

Federal Rule of Civil Procedure 34(a)(1) allows any party to "inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of [Federal Rule of Civil Procedure] 26(b)." Rule 26(b) allows discovery of any nonprivileged matter which is relevant to the claim or defense of any party.

Production for purposes of destructive testing falls within the scope of Rule 34. *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494 (8th Cir.), *cert. denied*, 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985); *Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (D.Minn.1988). Because plaintiff seeks recovery based on the allegedly defective nature of the cane, the tensile strength and composition of the cane are relevant and discoverable. Consequently, the court grants the defendants motion for limited destructive testing. It is HEREBY ORDERED that:

1. All destructive testing shall occur at locations to be determined by Defendants at times mutually convenient to counsel for both parties and their experts;

2. Plaintiff shall produce the cane to the Defendant three days prior to the dates for testing;

3. The defendant is not required to submit to plaintiff any testing protocol or outline in advance of the testing;

4. The defendant shall photograph or videotape the cane before testing;

5. The destructive testing is limited to the removal of a piece of the cane's metal tube. The testing permitted shall not be allowed to totally destroy or completely dismantle the cane;

6. Plaintiff, along with his counsel and expert(s), may be present to observe all testing. However, they shall not interfere with the testing in any way, including the solicitation of explanations during testing;

7. The defendant shall videotape the entire testing procedure unless otherwise agreed by the parties;

8. After testing is completed, the defendants shall return the cane to the plaintiff;

9. All testing shall be completed by July 1, 1994;

10. Plaintiffs, after the conclusion of the testing, are granted leave to depose Defendant's expert witness(es) and, upon good cause shown, any other persons substantially involved in the testing.