Jacob and Leona G. Oppewal v. Commissioner.
Oppewal v. Commissioner
Docket No. 7960-70 SC.
United States Tax Court
T.C. Memo 1971-273; 1971 Tax Ct. Memo LEXIS 55; 30 T.C.M. (CCH) 1177; T.C.M. (RIA) 71273; October 28, 1971, filed Jacob Oppewal, pro se, 14 Linden St., Whitinsville, Mass.Edward De Franceschi, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in the petitioners' Federal income tax for 1968 in the amount of $153.22. The issue is whether petitioners are entitled to a charitable contribution deduction under section 170 of the Internal Revenue Code of 1954 for payments made by petitioners in 1968 to the Whitinsville Society for Christian Instruction in excess of the amount allowed by respondent. Findings of Fact Some of the facts were stipulated *56 and they are so found. Jacob and Leona G. Oppewal, husband and wife, were residents of Whitinsville, Massachusetts at the time the petition herein was filed. They filed their joint Federal income tax return for the year 1968 with the district director of internal revenue, Boston, Massachusetts. Jacob Oppewal will hereinafter be called the petitioner. The Whitinsville Society for Christian Instruction (hereinafter called the Society) is a nonprofit corporation organized under the laws of the State of Massachusetts. During the year 1968 the Society was an organization exempt from tax under section 501 of the Internal Revenue Code of 1954. The Society was formed for the purpose of "advancing the cause of education by the erection and maintenance of a school for the instruction of children in all branches required by law in English and religious instruction according to the Reformed Faith." 1178 In 1968 the Society had approximately 320 members. During the 1967-1968 school year, 193 children attended the school operated by the Society and the cost of operating the school amounted to about $338 per student. Under the society's bylaws an Educational Committee *57 was charged with the duty of submitting to the Society's board of trustees on or before the 31st of August each year an estimate of the budget requirements for the following year. The bylaws further provided that the Educational Committee "shall also supervise the work of soliciting and collecting funds, and shall render periodically a report to the board of those parents or guardians who are delinquent in supporting the school." The members of the Society were solicited for funds on the basis of their financial ability to contribute. The Society also received contributions from supporting churches in the area and from nonmembers. During the period from September 1967 through September 1970, approximately 40 percent of the school's operating budget was collected from parents of children who attended the school. No student was refused admission to the Society's school because of the failure of his parents to make contributions to the Society. All contributions to the Society were placed in a general operating fund of the Society. Petitioner has lived in Whitinsville and has been a member of the Society since 1958. During the year 1968 two of petitioner's children, Peggy and Cynthia, *58 each attended for a period of 39 weeks the Whitinsville Christian School which was operated by the Society. Petitioner paid $900 to the Society during the year 1968 and deducted this amount as a contribution on his 1968 income tax return. Respondent disallowed the deduction to the extent of $640. Opinion The issue is whether the disallowed portion ($640) of the payments made by petitioner to the Whitinsville Society for Christian Instruction is deductible as a charitable contribution under section 170 of the 1954 Internal Revenue Code or whether it constitutes a nondeductible personal expense under section 262 of the 1954 Internal Revenue Code. In Harold DeJong 36 T.C. 896 (1961), affirmed 309 F. 2d 373 (C.A. 9, 1962), this Court set forth the meaning of the term "charitable contribution" for purposes of section 170 of the 1954 Internal Revenue Code: As used in this section the term 'charitable contribution' is synonymous with the word 'gift.' * * * A gift is generally defined as a voluntary transfer of property by the owner to another without consideration therefor. If a payment proceeds primarily from the incentive or anticipated benefit to the payor *59 beyond the satisfaction which flows from the performance of a generous act, it is not a gift. * * * In the DeJong case the taxpayer's two children were students during 1958 in a school operated by the Society for Christian Instruction of Ripon, California. Parents were asked to contribute to the best of their ability; all contributions were placed in a general operating fund of the Society without any designation; and no student was ever refused admission to the Society's school for failure of his parents to contribute financially to the Society. We concluded that a portion of the total contributions made by the taxpayer in 1958 to the Society was in the nature of tuition fees and hence was not a true charitable contribution. We reach a similar conclusion here. Under the facts of this case, we are persuaded that the contributions made by petitioner to the Society in 1968 were substantially induced by the benefits anticipated by him from the enrollment of his two children in the Society's school and were, to a substantial extent, in the nature of tuition. It appears from the testimony of the Society's treasurer during this period that the operating budget for the year in issue *60 was $65,199.40 and that 193 children attended the school, or about $338 per student. The treasurer testified that a budget was generally proposed to the members of the society at the annual meeting and after the budget was passed it became the responsibility of the treasurer to raise the necessary funds. He also testified that in soliciting funds he felt that "the personal approach was the best approach, and so, as such, I tried to make use of the personal approach to people." He stated that no force or leverage was applied in soliciting funds and that, during his tenure as treasurer, no reports were prepared indicating the parents who were delinquent in supporting the school. 1179 It is immaterial that the payments to the society were not explicitly designated as tuition. Nor is it significant that the solicitations for funds to the Society were based upon a member's ability to pay and that all contributions were placed in the Society's general operating fund. We do not believe that great significance can be attached to the mechanics employed in the collection process. In fact, the record demonstrates that different treasurers employed different techniques in soliciting funds. *61 We find on the basis of the entire record that at least $640 of the payments made in 1968 by petitioner to the Society was intended as payment in the nature of tuition for petitioner's two children and therefore did not qualify as a charitable contribution under section 170 of the 1954 Internal Revenue Code. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.