Jacob OPPEWAL et al., Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 72-1126.

United States Court of Appeals, First Circuit.

Heard Sept. 6, 1972.

Decided Oct. 3, 1972.

Jacob Oppewal, pro se.

Harold C. Wilkenfeld, Atty., Tax Div., Dept. of Justice, with whom Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Gary R. Allen, and Joseph M. McManus, Attys., Tax Division, Department of Justice, were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE, Circuit Judge, and HAMLEY *, Senior Circuit Judge.

HAMLEY, Circuit Judge.

In their federal income tax return for 1968, Jacob and Leona G. Oppewal, of Whitinsville, Massachusetts, deducted as a charitable contribution, the sum of nine hundred dollars they had paid that year to the Whitinsville Society for Christian Instruction (Society). The Commissioner of Internal Revenue disallowed this to the extent of six hundred and forty dollars on the ground that this sum, representing the cost to the Society of educating taxpayers' two children

* Of the Ninth Circuit, sitting by designation.

that year, constituted a non-deductible personal expense under section 262 of the Internal Revenue Code of 1954 (Code), 26 U.S.C. § 262.

On this ground the Commissioner declared a 1968 tax deficiency in the amount of $153.22. Taxpayers petitioned the Tax Court to redetermine the asserted deficiency. The Tax Court adhered to the Commissioner's determination, its findings of fact and opinion being reported at 30 T.C.M. 1177. Taxpayers appeal to this Court.

The controlling facts are not in dispute. The Society was organized in 1924 " . . . for the purpose of advancing the cause of education . . ." It was, during the taxable year 1968, an organization exempt from tax under section 501 of the Code, 26 U.S.C. § 501. The membership of the Society consisted of three hundred and twenty contributing individuals and families, some ninety of which had children attending the school. The Society solicited and received gifts from members, non-members, churches and other organizations.

Members who were parents with children in the Society's school were solicited in the same manner as were non-parents. Money received was not put into donor or students accounts but was put into a general operating fund. No child obtained the opportunity to attend the Society's school by reason of any contribution made, nor was any child barred for lack of a contribution. Approximately forty percent of the total Society receipts was collected from the contributions of parents who had children in the school, though a record or tally was not kept. Funds were solicited on the basis of what a person could afford to give rather than on a per capita basis.

Funds normally came to the Society on a regular established basis rather than as a result of a drive or newly-initiated program. Solicitations were made

from time to time on a personal basis. The academic training received at the Society's school was no better or worse than that available at the public schools in taxpayers' community, consisting of about ten thousand people.

During the 1967 to 1968 school year, one hundred and ninety-three children attended the school operated by the Society. The cost of operating the school amounted to about three hundred and thirty-eight dollars per student. During the taxable year 1968, two of the taxpayers' children attended this school for a period of thirty-nine weeks.

Section 170 of the Code, 26 U.S.C. § 170, allows as a deduction any charitable contribution payment of which is made during the taxable year. Section 170(c) defines a "charitable contribution" as including a "contribution or gift to or for the use of . . . [a] corporation . . . or . . . fund . . . organized and operated exclusively for religious . . . or educational purposes."

██ The Tax Court, relying upon its decision in Harold DeJong, 36 T.C. 896 (1961), affirmed sub nom. DeJong v. C. I.R., 309 F.2d 373 (9th Cir. 1962), held that to the extent of six hundred and forty dollars, the taxpayers' payment to the Society was not a "contribution or gift" to the Society, because it proceeded primarily from the incentive of anticipated benefit to the taxpayers "beyond the satisfaction which flows from the performance of a generous act . . ." Said the Tax Court:

" . . . we are persuaded that the contributions made by petitioner to the Society in 1968 were substantially induced by the benefits anticipated by him from the enrollment of his two children in the Society's school and were, to a substantial extent, in the nature of tuition."[1] 30 T.C.M. at 1178.

1. Section 262 of the Code provides that "(e)xcept as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." Tuition paid for the education of the children of a taxpayer is a family

In their brief in this court, taxpayers apparently accepted the subjective test applied by the Tax Court involving taxpayers' motive and intent in making the payment to the Society. However, they argued that, under the facts, it was not reasonable to conclude that the payment was induced by the educational benefits taxpayers expected to derive for their children. In oral argument taxpayers urged that objective rather than subjective standards should be applied. The objective test taxpayers would apply is whether there was certainty as to the beneficiaries of their payment. S. E. Thomason v. C.I.R., 2 T.C. 441 (1943). They assert that this test was not met because no part of the payment was earmarked for the education of taxpayers' children.

■ We have heretofore expressed our dissatisfaction with such subjective tests as the taxpayer's motives in making a purported charitable contribution. In Crosby Valve & Gage Company v. C. I.R., 380 F.2d 146 (1st Cir.), cert. denied, 389 U.S. 976, 88 S.Ct. 477, 19 L. Ed.2d 468 (1967), we said:

"While agreeing with the holding of the Tax Court, we think it necessary to register our disagreement with the [Tax Court] majority's emphasis upon a purely charitable motive as a prerequisite for a deductible charitable contribution. Were the deductibility of a contribution under section 170(c) of the Internal Revenue Code of 1954 to depend on 'detached and disinterested generosity', an important area

of tax law would become a mare's nest of uncertainty woven of judicial value judgments irrelevant to eleemosynary reality." 380 F.2d at 146.

But while we believe it important to solve this tax problem through the application of an objective test, we do not regard taxpayers' proposed objective inquiry—was the payment earmarked for the education of taxpayers' children—appropriate. Classification of a payment as a gift, or as payment of family expenses, should depend upon something more fundamental than the particular bookkeeping methods used by the educational institution.

■ The more fundamental objective test is—however the payment was designated, and whatever motives the taxpayers had in making it, was it, to any substantial extent, offset by the cost of services rendered to taxpayers in the nature of tuition? If so, the payment, to the extent of the offset, should be regarded as tuition for, in substance, it served the same function as tuition.[2]

■ Applying that test here, the conclusion is inescapable that six hundred and forty dollars of taxpayers' payment to the Society was non-deductible tuition. The taxpayers' two children obtained a year of education in the Society's religiously-oriented school, as desired by taxpayers. The cost to the Society of providing that service was at least six hundred and forty dollars. In effect, if not in form or by design, taxpayers paid this cost.

Affirmed.

expense, not a charitable contribution to the educating institution. Channing v. United States, 4 F.Supp. 33 (D.Mass. 1933), aff'd 67 F.2d 986 (1st Cir. 1933).

2. Under this test, the fact that the taxpayers might have made the payment even had their children not been enrolled in the Society's school, or that the So-

ciety would have enrolled the children even had no payment been made, or that taxpayers' children would have received an education of the same academic quality (although not religiously oriented) in a public school without additional expense to taxpayers, become irrelevant considerations.