JEROME A. GOTLIEB v.
COMMISSIONER OF TAXATION.

245 N. W. 2d 244.

August 20, 1976—No. 45795.

---

*Warren Spannaus*, Attorney General, and *James W. Neher*, Special Assistant Attorney General, for relator.

*Schway & Gotlieb, Jerome A. Gotlieb*, and *Carl D. Schway*, for respondent.

PETERSON, JUSTICE.

In 1969, 1970, and 1971, the taxpayer, Jerome A. Gotlieb, paid a total of $2,241 to the Talmud Torah School of St. Paul and claimed these payments as credits against taxable net income under the authority of Minn. St. 290.21, subd. 3(b).[1] The commissioner of taxation challenged these deductions,[2] and the Tax Court decided they were allowable under the statute. We reverse.

The issue was tried to the Tax Court on stipulated facts. These facts showed that the taxpayer had made the payments "in consideration of religious training provided to [his] children." The Temple of Aaron Synagogue, of which the taxpayer and his family are members, requires children to receive training at the Talmud Torah School (a separate institution) in preparation

---

[1] Minn. St. 290.21 provides, in relevant part, as follows: "Subdivision 1. The taxes imposed by this chapter shall be on or measured by, as the case may be, the taxable net income less the following credits.

"Subd. 2. A credit of $500 in the case of each corporation.

"Subd. 3. An amount for contribution or gifts made within the taxable year:

"(a) to or for the use of the state of Minnesota, or any of its political subdivisions for exclusively public purposes.

"(b) to or for the use of any community chest, corporation, organization, trust, fund, association, or foundation located in and carrying on substantially all of its activities within this state, organized and operating exclusively for religious, charitable, public cemetery, scientific, literary, artistic, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual."

[2] Although the statute actually uses the language "credits" against "taxable net income," in order to avoid confusion with "tax credits" or credits against tax liability, this opinion refers to a credit against taxable net income as a deduction.

for the Bar Mitzvah, a religious event in which the Jewish child reaches adulthood. The parties have also stipulated that the Talmud Torah School divides its total annual operating cost by the number of students in attendance for that year, then asks each family to pay as tuition for each of its children attending the school the average cost of educating one child. To the extent that the parents are unable to pay this tuition, the cost is subsidized by the United Jewish Fund. The parties were unaware of any instance in which parents who were financially able to pay the tuition refused to do so.

Minn. St. 290.21, subd. 3, allows a deduction only for "contribution or gifts" made to a qualifying organization. While it is undisputed that the Talmud Torah School is a qualifying organization under subd. 3(b), the stipulated facts in this case specifically negate the conclusion that the payments were gifts or contributions.

The phrase "contribution or gifts" as used in the Minnesota statute contemplates the same kind of transactions which are contemplated by its counterpart sections in the Federal Internal Revenue Code. As the United States Supreme Court said in Commr. of Int. Rev. v. Duberstein, 363 U. S. 278, 80 S. Ct. 1190, 4 L. ed. 2d 1218 (1960) (construing § 22[b] [3] of the 1939 Internal Revenue Code), the mere absence of a legal or moral obligation to make a payment does not establish that it is a gift. The court also said in Duberstein that, if the payment proceeds primarily from the constraining force of any moral or legal duty or from the incentive of anticipated benefit of an economic nature, it is not a gift and that, where the payment is in return for services rendered, it is irrelevant that the donor derives no economic benefit from it. That court decided a gift in the statutory sense proceeds from a "detached and disinterested generosity," and said that what controls is the intention with which payment, however voluntary, was made. 363 U. S. 285, 80 S. Ct. 1197, 4 L. ed. 2d 1225. Lower Federal courts have ruled upon the issue of whether a taxpayer may claim as a charitable contribu-

tion or gift those payments he makes to a school which provides educational services to his children and which is financed by voluntary payments rather than by tuition. In two cases the deduction claimed for such payments has been disallowed to the extent of the cost of educating the taypayer's children. Oppewal v. Commr. of Int. Rev. 468 F. 2d 1000 (1 Cir. 1972); DeJong v. Commr. of Int. Rev. 309 F. 2d 373 (9 Cir. 1962).

The antithesis of payments which proceed from a detached and disinterested generosity is payments made by a taxpayer in consideration of economic value flowing back to him. When a taxpayer gives to a qualifying charitable institution, to the extent his payment is a gift he retains no legally enforceable right to demand value in return. In the case at bar it was stipulated that the payments were made "in consideration of" the training provided by the Talmud Torah School. It follows that if the school had accepted the taxpayer's payments on behalf of his children and then refused to provide services to those children, the taxpayer could compel a refund of his money.[3] This is not a characteristic of a contribution or gift as contemplated by Minn. St. 290.21, subd. 3(b).

The taxpayer argues that to disallow the deduction in this case would be inconsistent with allowing a deduction to those taxpayers who make gifts or contributions to churches that provide similar religious education through Sunday Schools. We do not lightly dismiss this argument. Our attention has not been drawn, however, to any decisions which would allow a deduction for payments made to churches *in consideration of* the church rendering services of equal value to the taxpayer. There can be no doubt that the religious instruction provided by the Talmud Torah School is just as essential to Judaism as the instruction provided by, say, a Christian Sunday School is to the Christian faith. We should, moreover, in the words of Mr. Justice Douglas, "sponsor an attitude on the part of government that shows no

---

[3] Indeed the taxpayer acknowledges that his own undertaking to the Talmud Torah School was a legally enforceable obligation.

partiality to any one group and that lets each flourish according to the zeal of its adherents and the appeal of its dogma." Zorach v. Clauson, 343 U. S. 306, 313, 72 S. Ct. 679, 684, 96 L. ed. 954, 962 (1952). The statute applies uniformly to all taxpayers, however, in its requirement that payments be made as gifts or contributions and not otherwise.

If a taxpayer's remittances to a qualifying organization are used for the same purpose in either case, it may seem at first an exaltation of form over substance to allow a deduction for those payments which are gifts or contributions, yet allow no deduction for those payments which are not gifts or contributions. As is so often necessary in tax laws, however, Minn. St. 290.21 gives special significance to the form of the payment, and we are unable to hold that a payment made not as a gift or contribution but in consideration of equal value flowing to the taxpayer is nonetheless allowable as a deduction under the statute. Such a decision would allow taxpayers to deduct payments for YMCA dues or for tuition paid to the University of Minnesota, neither of which, it seems to us, are transactions the legislature intended to be allowed as deductions.

The taxpayer argues that deductions for payments to one's church or synagogue have always been allowed, even though a variety of religious services are rendered in return. The statute requires, however, that the payments be gifts or contributions. To the extent they are made in consideration of valuable services being rendered to the taxpayer in exchange, the statute does not allow the deduction.

We are impelled to our decision in this case because the stipulated facts established that the payments in question were made as tuition and in consideration of the training that was provided. The resolution of this critical fact by agreement of the parties, as the concurring opinion underscores, precludes us from holding that the payments were gifts or contributions in the statutory sense.

Reversed.

ROGOSHESKE, JUSTICE (concurring specially).

Although the opinion of the court correctly concludes that the claimed deduction under Minn. St. 290.21 must be disallowed in view of the parties' express stipulation that these payments to the Talmud Torah school constituted "payments in consideration of religious training"—in effect, tuition—and hence not a gift or contribution, I believe that it is important to emphasize that absent this stipulation the result in this case might well be different. Voluntary payments to and for the use of a Talmud Torah school by parents of children eligible for Bar Mitzvah preparation at that school should be deductible as a charitable contribution if it can be shown that the payment is not refundable, the school undertakes no legally enforceable obligation to accept and instruct the child, and the educational service provided by the school is purely religious in character. In this way, Jewish parents who make voluntary payments to a Talmud Torah school would be afforded the same treatment under § 290.21 as are parents of other religious faiths who make voluntary payments to religious organizations for the religious training of their children.

SHERAN, CHIEF JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Rogosheske.

KELLY, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Rogosheske.

TODD, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Rogosheske.

YETKA, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Rogosheske.