BRIAN G. AND MARGARET A. SZABO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Szabo v. Commissioner
Docket No. 3786-80
United States Tax Court
T.C. Memo 1992-255; 1992 Tax Ct. Memo LEXIS 273; 63 T.C.M. (CCH) 2915; April 30, 1992, Filed *273 Decision will be entered for respondent. Stephen Benda, for petitioners. Gordon L. Gidlund, for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for tax year 1976 in the amount of $ 4,116. After a concession by petitioners, the sole question for our decision is whether petitioners are entitled to deduct as a charitable contribution under section 170 the amount of $ 10,854, which they paid to two organizations of the Church of Scientology of California (the Church): the Advanced Organization of Los Angeles (AOLA) and the American Saint Hill Organization (ASHO), both of which were related to the Church. Some of the facts have been stipulated and *274 are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Palo Alto, California, when they filed their petition. Mr. and Mrs. Szabo (petitioners), who were married in 1968, have always been religious, and became interested in Scientology in 1974, when they began to attend Scientology seminars and discussions. They began the process known as auditing in 1975, a one-on-one process in which the subject is questioned by a minister of Scientology on various personal matters in order to move closer to a state of enlightenment known as "clear". In 1976, they achieved the state of being "clear" and were ready to go on to further training. This advanced training was offered only at AOLA and ASHO in Los Angeles, organizations which are related to the mother Church of Scientology. Mr. Szabo, a software engineer, taught at Foothill College, and Mrs. Szabo was also a teacher. The Szabos went to Los Angeles for the summer of 1976, where they devoted substantially all their time (300 hours each) for 2 months to the advanced Scientology program. In Los Angeles, they pursued a series of steps established by the Church for the purpose *275 of achieving advanced levels of spiritual awareness known as "operating thetan" or OT. The Church charged a "fixed donation" for each level of progress. Petitioners' activity in Los Angeles consisted largely of "solo auditing", a meditative process conducted primarily alone. During their stay in Los Angeles, petitioners worked alone, with the following exceptions: each spent approximately 2 hours in group instruction, 2-3 hours in consultation with a Scientology minister discussing the results of their private meditative exercises, and 4-5 hours reading mimeographed materials in a common reading room. In total, petitioners each received 6-9 hours of personal services in the course of the 300 hours spent in the auditing activity. Petitioners estimate that the cost to the Church of providing these personal services was at most $ 30 per hour. The Church at that time charged $ 30 per hour for auditing. In petitioners' knowledge, ministers were paid $ 5 per hour, and the remainder was an allowance for overhead. Petitioners received a bequest in or about 1976, which they decided to devote to Church purposes. They used this bequest to pay the "fixed donations" for their advanced *276 training. Respondent determined that of $ 14,977 which the Szabos deducted as a contribution to the Church in 1976, only $ 471 was deductible as a charitable contribution. Respondent's position is that the payments fail to satisfy the requirements of section 170 for two reasons: (1) That the payments were not intended to be donations, but were rather the quid pro quo for services rendered, and (2) that AOLA and ASHO were not exempt organizations described in section 501(c)(3), contributions to which are deductible under section 170. As indicated above, petitioners concede that payment of $ 3,652 (i.e., $ 14,977 - $ 471 - $ 10,854) attributable to auditing services was not deductible, under the decision of the Supreme Court in Hernandez v. Commissioner, 490 U.S. 680 (1989). Their position is that the advanced training series which they followed was fundamentally different from the auditing and training sessions considered in Hernandez v. Commissioner, supra, in that most of petitioners' activities in advanced training were conducted alone. They argue that the portion of their payments to the Church which exceeds the cost of providing *277 the advanced levels of training, $ 10,854, is deductible under a theory of "dual payment". Section 170 provides for the deductibility of a charitable contribution, which is defined as "a contribution or gift" to a qualifying exempt organization. Sec. 170(c). A payment of money generally cannot constitute a charitable contribution if the contributor expects a substantial benefit in return. Singer Co. v. United States, 196 Ct. Cl. 90, 449 F.2d 413, 423 (1971); S. Rept. 1622, 83d Cong., 2d Sess. 196 (1954). A gift is generally defined as a voluntary transfer of property by the owner to another without consideration therefor. If a payment proceeds primarily from the incentive of anticipated benefit to the payor beyond the satisfaction which flows from the performance of a generous act, it is not a gift.
DeJong v. Commissioner, 36 T.C. 896, 899 (1961), affd. 309 F.2d 373 (9th Cir. 1962); compare Commissioner v. Duberstein, 363 U.S. 278, 285 (1960) (a gift must be made from a motive of "'detached and disinterested generosity'" (quoting Commissioner v. LoBue, 351 U.S. 243, 246 (1956))). *278 In Hernandez v. Commissioner, supra, the Supreme Court held that payments to the Church of Scientology for auditing and training courses did not satisfy these tests, as they were structured as a quid pro quo rather than as a disinterested gift. The Court left undecided the question of whether payments to the Church of Scientology might constitute "dual payments", part consideration and part gift. In United States v. American Bar Endowment, 477 U.S. 105 (1986), the Supreme Court proposed a two-prong test which a gift must satisfy in order to be deductible in part as a dual payment: (1) The excess payment must have been made with the intention of making a gift, and (2) the amount of the payment must exceed the fair market value of the benefit received. The first prong of the "dual payment" analysis focuses upon the question of donative intent. "The taxpayer * * * must at a minimum demonstrate that he purposely contributed money or property in excess of the value of any benefit he received in return." Id. at 118. We are persuaded by the fact that petitioners paid fees for services at an established, fixed rate that *279 petitioners were essentially purchasing services. The fact that they received the money they used to pay for the advanced Scientology training in the form of an inheritance, which they decided to devote to Church purposes, has no bearing upon the question before us. Petitioners had a desire to reach higher levels of spiritual awareness, as offered in the Scientology system. The only means of attaining these levels of training was through the Church at a fixed price. The cases cited by petitioners in which taxpayers were allowed a partial deduction for payments to parochial schools are not analogous to petitioners' situation. Both DeJong v. Commissioner, supra, and Oppewal v. Commissioner, T.C. Memo. 1971-273, affd. 468 F.2d 1000 (1st Cir. 1972), presented situations in which church members were solicited to contribute to a church school to the best of their ability. The fact that they sent their children to the schools in question meant that they were unable to deduct their entire payments. However, on the basis of competent evidence of the cost of educating a child in the schools, this Court redetermined the deductions, *280 apportioning some of the payments to tuition and some to charitable contributions. Petitioners, on the other hand, paid a fixed fee for the services they ordered and received. They had no choice in the matter if they wanted the training, which only AOLA and ASHO provided. Hence the money paid to AOLA and ASHO did not have the element of freewill offering which marked the donations in DeJong v. Commissioner, supra, and Oppewal v. Commissioner, supra.
The second prong of the "dual payment" analysis requires that the amount of the payment exceed the fair market value of the benefit received. We hold that petitioners have not carried their burden of proof on this issue. The evidence presented was entirely based on hearsay and was not evidence competent to establish the value of the services received. For the reasons presented above, we hold that petitioners are not entitled to a charitable contribution deduction for a portion of their payments to the Church for advanced training. Consequently, we do not reach the question of whether AOLA and ASHO are exempt organizations. Decision will be entered for respondent *281 . Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩