ROBERT FULTON & another, executors, & another[1] *vs.*
TRUSTEES OF BOSTON COLLEGE.

Suffolk.    March 9, 1977. — April 11, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Trust,* Charitable trust.

Where a testamentary trust required a trustee to hold assets of the trust until the year 2000 at which time the assets were to be given over to a named college for educational purposes, and there was no provision for a gift over in the event the trust should fail, and where the will provided for other bequests to similar charities, the testator

---

[1] The First National Bank of Boston, trustee under the will of William M. Waul.

possessed a general charitable intent and the charitable trust would not fail in the event circumstances in the year 2000 precluded compliance with its specific provisions. [351-353]

CIVIL ACTION commenced in the Probate Court for the county of Suffolk on August 11, 1975.

The case was reported by *Warner*, J., to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

The case was submitted on a brief.

*Philip E. Morin & Stephen C. Fulton* for the plaintiffs.

LIACOS, J.    The plaintiffs, executors and trustee under the will of William M. Waul, filed a petition for instructions with the Probate Court for Suffolk County. The probate judge reported the matter to the Appeals Court without decision on a statement of agreed facts. Mass. R. Civ. P. 64, 365 Mass. 831 (1974). The plaintiffs thereupon filed an application for direct appellate review which we allowed.

The report raises a number of issues pertaining to the construction of the testator's last will and testament, but the issues raised before this court deal only with two related areas: (1) whether the last will and testament discloses a general charitable intent, and (2) whether, should it become necessary, the doctrine of cy pres will be applied to a trust created by said instrument. We deal only with the issues briefed and argued here.

The testamentary clause (cl. 24 [c] of the document), which raises these issues, requires the trustee "to hold all the remaining assets ... adding income not expended ... to principal — until January 15, 2000 A. D., noon, at which time my said Trustee shall turn over said fund and assets to the Trustees of Boston College ... for the purpose of erection ... of a building for administrative or educational purposes ...." Subsequent to the death of the testator, a Federal estate tax return was filed. On final review of the return the Internal Revenue Service disallowed the deduction for a charitable bequest, taken pursuant to I.R.C. § 2055, and established a tax deficiency on the basis that it

was possible that the bequest to Boston College may fail and pass by intestacy. The plaintiffs appealed to the United States Tax Court but obtained a stay of proceedings in that forum, pending a determination by this court as to whether the cy pres doctrine could be applied to this instrument, a ruling which would alleviate any concern by the Internal Revenue Service that the testator had not established a qualified charitable bequest. Rev. Rule 72-442, 1972-2 C.B. 528. While we cannot give a dispositive ruling on the question of whether the Internal Revenue Service's interpretation of the trust is correct as matter of Federal law, our conclusion as to whether the testator expressed a general charitable intent is one of State law and therefore binding on the Federal tax authorities. *Putnam* v. *Putnam,* 366 Mass. 261, 262 & n.2 (1974).

There is no dispute that the particular trust is charitable in nature. *Assessors of Boston* v. *Garland School of Home Making,* 296 Mass. 378 (1937). *Dexter* v. *President & Fellows of Harvard College,* 176 Mass. 192 (1900). *American Academy of Arts & Sciences* v. *President & Fellows of Harvard College,* 12 Gray 582, 594 (1832). Restatement (Second) of Trusts § 370 (1959). As such it is to be liberally construed and upheld if possible. *Attorney Gen.* v. *Lowell,* 246 Mass. 312, 323 (1923). Such a construction should attempt to honor the general charitable intent of the donor. When this cannot be done in strict accordance with the terms of the trust, a court will attempt to fulfil the donor's general intent to the extent possible. *Rogers* v. *Attorney Gen.,* 347 Mass. 126, 131 (1964).

In this case the entire instrument exhibits a general charitable intent, not only to benefit Boston College but other similar charities. The existence of such an intent is shown by the testator's provision of six other bequests to Catholic charities, all, like Boston College, within the Catholic Archdiocese of Boston. See *First Bank & Trust Co.* v. *Attorney Gen.,* 371 Mass. 796 (1977). *Brookline* v. *Barnes,* 324 Mass. 632, 638-639 (1949). That the testator possessed a general charitable intent is also attested to by the absence of any gift over in the event the trust should

fail. *Rogers* v. *Attorney Gen., supra. Brookline* v. *Barnes, supra.*

There is no language in the instrument which indicates that the testator wished to restrict the charitable use of the funds to the particular institution. There is no indication that the testator failed to foresee that changed circumstances might dictate changes in the form and needs of the institution and thus the need for an adjustment of the trust provisions consistent with his intent. *Trustees of Dartmouth College* v. *Quincy*, 357 Mass. 521, 533-534 (1970). All these factors lead us to conclude that the testator possessed a general charitable intent. We believe that the plaintiffs' request that we apply the doctrine of cy pres at this point is premature. We do hold that the charitable trust will not fail in the event circumstances in the year 2000 preclude compliance with its specific provisions. *First Bank & Trust Co.* v. *Attorney Gen., supra.* Restatement (Second) of Trusts § 399, Comment i (1959). A judgment should be entered in the Probate Court resolving the issues herein discussed consistent with the terms of this opinion. The probate judge additionally may determine the other issues raised in the petition for instructions but not before us on this report.

*So ordered.*